CHARLES BURKHALTER v. ELIJAH FARMER, *et al.*

*Error from Doniphan County.*

1. EVIDENCE: ADMISSIBILITY.—The action was for goods sold defendants. The testimony so far as it was admitted, showed that the goods were delivered to Myers, and charged to him on plaintiff's books. *Held :* That these facts were not conclusive evidence that the goods were sold to Myers or the credit given to him, but that these facts were open to explanation by testimony, and such testimony should have been allowed to go to the jury.
2. QUESTIONS OF LAW AND FACT.—Whether the goods were sold to and upon the credit of Myers or Farmer, are questions of fact for the jury to decide upon all the testimony in the case.

The facts of the case sufficiently appear in the subjoined opinion of the court.

*Guthrie,* for plaintiff in error.

*Hawkins,* for defendant in error.

*Guthrie, for plaintiff,* submitted :

1. The instructing the jury to return the verdict prepared by the court was worse than a non-suit; it prevented the jury from finding upon the merits of the case, in a jury trial. The case was not a total failure of proof; nor was the instruction an attempt to instruct. *Byrd v. Blissing,* 11 *Ohio Stat.,* 362; *Case v. Hannahs,* 2 *Kas.,* 490; *Williams v. Norton,* 3 *id.,* 295.

2. It was not competent for the court to instruct the jury that certain evidence was conclusive, nor was the evidence conclusive; like other evidence the jury alone could pass upon its weight.

3. Farmer was liable as an original promisor; his was a direct and original undertaking to plaintiff upon the consideration of which the goods were sold; there

was no debt of another to undertake for at the time of promise. Only where there is a subsisting debt can the promise be made within the statute. *Hetfield v. Dow,* 3 *Dutcher,* 440; *Birkmyr v. Dornell,* 1 *Smith's Lead. Cas.,* 472, [382.]

4. That plaintiff sued both, Farmer and Myers, does not determine conclusively either as to Farmer or Myers. Plaintiff might recover against either—both or neither, according to the fact, which alone could be determined by the jury. But the record shows that defendants were joint promisors. *Perkins v. Goodman,* 21 *Barb.,* 218; *The Proprietors v. Abbott,* 14 *N. H.,* 157; *Dwolf v. Rebona,* 1 *Pet.,* 476; *Townsley v. Funnal,* 2·id., 170; 1 *Smith's Lead. Cas.,* 470.

*Hawkins, for defendant,* submitted:

1. Farmer was not liable, sued as a promisor to pay Myers' debt. *Gen. Stat.,* 505, § 6; 1 *Smith's Lead. Cas.,* 6 *Am. Ed.,* 472, [381–2,] *and cases cited.*

2. The charging to Myers alone is conclusive as to the intent of the plaintiff to credit only him. The plaintiff is thereby estopped from claiming that he credited Farmer.

*By the Court,* KINGMAN, C. J.

The plaintiff in error who was plaintiff below, brought an action against the defendants on an account for merchandise sold and delivered.

The plaintiff was a witness in his own behalf, and testified that he had sold the goods, and the amount was correct; that the goods were delivered to Myers; that Farmer had told plaintiff in the presence of Myers : " If you will let Myers have goods, along, I will pay you for

them, or settle for them, or something to that effect;" that he had sold the goods on the credit of Farmer, and with a knowledge that Myers was irresponsible. On cross examination he stated that the goods had been charged to Myers on the books; and in explanation testified that he had intended to charge the goods to Farmer, as he had sold them on his credit, but at the request of Myers, after Farmer had left the store, he had consented to charge them to Myers, so that Myers and Farmer could tell what each got, and they were so entered for this reason alone. Plaintiff offered other testimony tending to show the liability of Farmer, which was objected to because plaintiff in his testimony having admitted that he had charged the goods to Myers on his books, he could not now maintain an action against Farmer under any circumstances. The instructions given were in accordance with this ruling, and presents the same question as that raised by excluding the testimony.

Evidence: Admissibility of. The controversy as to Farmer rested wholly upon the point as to whether the credit had been originally given to him or to Myers. If it was given to Myers, the plaintiff could not recover of Farmer; not because the contract between Farmer and plaintiff was illegal and void, but because it was a contract to pay the debt of another, and not being in writing, no action could be brought on it; [*Gen. Stat.*, 505, § 6.] If the credit was originally given to Farmer, then it was his own debt, and not of a kind that need to be evidenced by writing. The fact that the goods were charged on the books of plaintiff to Myers was good evidence, tending to show that the credit was given to Myers, but it was by no means conclusive. It was a fact open to explanation, and with all other facts, one for the jury to pass upon. It is for the jury to judge upon all the evi-

dence to whom the credit was given, and whether the agreement of Farmer is original or collateral; 41 *N. H.*, 390.

*Questions of Law and Fact.* The error of the court below arose from considering that a matter of law, which in truth was a matter of fact. Whatever presumption arises from charging the goods to Myers is a presumption of fact and not of law, and is subject to be explained or rebutted by other facts. This the plaintiff attempted to do by the evidence he offered. The exclusion of this evidence, and the instruction based upon the same misconception of the law being erroneous, the case must be reversed and a new trial awarded.

All the justices concurring.