## M. J. CALAHAN v. H. J. WARD.

1. DEMURRER TO EVIDENCE, *Error to Sustain*. It is error for a trial court to sustain a demurrer to the evidence of the plaintiff, and render a judgment against him for costs, when there is any proper evidence offered in support of all the material questions involved in the issues of the case.

2. ———— *Question for Jury*. Whether the goods were sold upon the credit of Mounts, or Ward, in this case, was, under all the evidence offered, a question of fact for the jury.

*Error from Atchison District Court.*

THE opinion states the facts.

*J. T. Allensworth*, for plaintiff in error.

Opinion by STRANG, C.: Action on account, begun before a justice of the peace of Atchison county, where the plaintiff obtained a judgment for $50. Defendant appealed to the dis-

trict court, where the case came on for trial November 12, 1888, before the court and jury. After the plaintiff had introduced his evidence and rested, the defendant demurred thereto, and the court sustained the demurrer. A motion for a new trial was filed and overruled, and the plaintiff asks this court to reverse the action of the district court on said demurrer, and send the case back to be tried by a jury.

We think the court below should have submitted the case of the plaintiff to the jury. There certainly was some evidence to support his contention. The evidence, as it now stands, makes a *prima facie* case against the defendant. It shows that one J. F. Mounts desired to purchase of the plaintiff, a merchant in the city of Atchison, some groceries, on credit; that the plaintiff, by his chief clerk, refused to sell Mounts any more goods on credit, he already being indebted to the plaintiff for goods before purchased of him. Mounts then called the defendant, for whom he, Mounts, was at the time working, to the rear of the store room, and asked him if he would become responsible for some groceries for him. Defendant said he would. Mr. Toohy, plaintiff's clerk, asked Mr. Ward, the defendant, how much in groceries he should let Mounts have, and Ward said, "What he wants." Toohy then asked Ward "if he should let Mounts have $100 worth," and Ward replied that "he did not think Mounts would need so much." Mounts also said "he did not think he would want $100 worth." Toohy then asked Ward "if he should let Mounts have $50 worth," and Ward said, "Yes, but he wanted some time on it, until the money would be coming to Mounts from him." Toohy asked him "how long a time he wanted," and he said, "Ninety days." This evidence was corroborated and supplemented by other witnesses. The account for the goods sold pursuant to the arrangement made, as above described, was kept with Mounts; that is, the goods sold him were charged to him, instead of being charged to Ward, and the defendant claims that he is thus let out. The plaintiff offered evidence to explain why the goods were charged to Mounts instead of to Ward. We think the whole matter

should have been submitted to the jury, for them to say whether the goods were sold to Mounts on his own credit, or on the credit of Ward. If the goods were sold to Mounts on the credit of Ward, then the undertaking of Ward was an original one, and he would be liable under the circumstances set forth in the evidence of plaintiff. (*Burkhalter v. Farmer*, 5 Kas. 477.)

The evidence shows that the plaintiff had before sold some goods to Mounts, for which he had taken Mounts's note for $23.13. After the arrangement was make with Mounts and Ward to sell Mounts goods on Ward's credit, plaintiff surrendered to Mounts his note and charged the amount thereof up to the new account, so as to secure the payment of said sum through Ward. This plaintiff could not do. Ward in no way became liable for goods sold by the plaintiff to Mounts before the arrangement of February 27, 1888, was made with Ward. This item should be dropped from plaintiff's claim on a new trial.

It is recommended that the judgment of the district court be reversed, and the cause remanded for a new trial.

.By the Court: It is so ordered.

All the Justices concurring.