No. 21,569.

THE HUMBOLDT BRICK MANUFACTURING COMPANY, *Appellant,*
v. D. M. KENNEDY et al., Partners as the CHANUTE MAU-
SOLEUM COMPANY, *Appellees.*

### SYLLABUS BY THE COURT.

PLEADINGS—*Contract—Materials for Erection of Mausoleum—Petition
States Cause of Action.* The builders of a mausoleum are liable to
those who furnish the material for the erection thereof, in a sum equal
to the amount unpaid on the contract, where the contractor becomes
insolvent and is unable to perform his contract, and the owners agree
with the contractor to complete the mausoleum and to pay for all
materials and labor not already paid for, not exceeding, in all payments,
the contract price.

Appeal from Neosho district court; JAMES W. FINLEY,
judge. Opinion filed June 8, 1918. Reversed.

*G. A. Amos,* and *L. T. Cannon,* both of Humboldt, for the
appellant.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the
appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment in
favor of the defendants on a demurrer to the plaintiff's peti-
tion. The petition alleges that on July 7, 1913, the defendants
entered into a contract with the Iowa Mausoleum Company
for the construction of a mausoleum at Chanute for $19,500,
to be paid in installments; that on or about October 1, 1913, the
company became insolvent, and was unable to proceed with
the construction of the mausoleum; that on November 22,
1913, the defendants entered into a supplemental agreement
with the company, which supplemental agreement contained
the following provisions:

"1st. The Iowa Mausoleum Company shall furnish and deliver F. O. B.
cars Chanute, Kansas, at the proper time so that the construction work
may not be delayed on said mausoleum, all the marble necessary to
complete said mausoleum according to the plans and specifications, and
furnish the second party satisfactory evidences of payment of said
marble.

"2nd. In consideration of the performance of Paragraph 1, the Chanute Mausoleum Company hereby agrees to supervise and complete said mausoleum, to pay for all materials and labor, not already paid for, upon the O. K. or approval of C. W. Lawrence, architect in charge, not exceeding, in all payments, including those that have been made and to be made hereunder, the contract price named in the within contract.

"3rd. All payments made by virtue hereof by second party, shall be credited upon the contract price in the within contract, and in the event, after the completion of said mausoleum, the second party has not paid out, all told on the within contract a sum equal to said contract price, such difference or balance, shall be paid on said marble bill."

The petition further alleges that the plaintiff, on the order of the mausoleum company, shipped to the company three cars of hollow blocks to be used in the construction of the mausoleum; that these cars were shipped, one on October 25, 1913, one on November 7, 1913, and one on November 28, 1913; that the defendants paid the freight on the three cars of blocks, took possession thereof, and used the same in the construction of the mausoleum; and that the plaintiff had no notice or knowledge of the failure of the mausoleum company, or of the fact that the defendants took the blocks and used them. Performance of the supplemental contract by the mausoleum company is not alleged in the petition.

The defendants' argument is, that because the petition does not allege performance of the supplemental agreement by the mausoleum company, the petition does not state a cause of action. The defendants' argument is not sound. The plaintiff performed its part of its contract; that is, it shipped and furnished the blocks to be used in the construction of the mausoleum. The blocks were used by the defendants. They should pay the contract price, $19,500, to those who furnished the material used and performed the labor in the construction of the mausoleum. But after $19,500 has been paid, the liability of the defendants ceases so far as the plaintiff is concerned. If the defendants have paid the full contract price for the completion of the mausoleum, the answer should so state. It follows that the petition states a cause of action, and that the demurrer should have been overruled.

The judgment is reversed with directions to overrule the demurrer and proceed with the cause.