No. 22,014.

FOSTER EZELL, doing business as THE LADIES SPECIALTY SHOP, *Appellee*, v. MRS. ADDIE BUTCHER, *Appellant*, et al.

### SYLLABUS BY THE COURT.

SALE—*Original Promise to Pay for Goods Furnished Another.* The evidence held sufficient to carry to the jury the question whether a promise to pay for goods furnished to another was original or collateral.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed March 8, 1919. Affirmed.

*S. A. Gard,* and *G. R. Gard,* both of Iola, for the appellant.
*C. S. Ritter,* of Iola, for the appellee.

The opinion of the court was delivered by

MASON, J.: Foster Ezell recovered a judgment against Mrs. Addie Butcher, who appeals. The only controversy relates to the defendant's liability on account of goods furnished to her daughter, Mrs. Follette. The plaintiff's theory is that the goods were sold upon the defendant's credit—upon her original promise to pay for them. The defendant's theory is that any promise she made was collateral—a promise to answer for her daughter's debt—and was unenforceable because not in writing. (Gen. Stat. 1915, § 4889.) The question presented is whether there was any evidence in support of the plaintiff's theory.

The following is the part of the plaintiff's testimony bearing directly upon this issue:

"I first saw the defendant, Mrs. Butcher when she came into my store in the spring of 1916. At that time I sold her a suit, $45.00, for which

30—104 KAN.

she paid cash. A few days later she again called at my store and introduced Mrs. Follette, her daughter. She stated that Mrs. Follette intended to go to Memphis to wind up her husband's estate and needed some new clothes, and that she, Mrs. Butcher would guarantee the payment of any bill of goods Mrs. Follette might purchase from us. I investigated Mrs. Butcher's financial standing and that of her husband, and found both to be good. I sold the goods to Mrs. Follette in accordance with Mrs. Butcher's guarantee. Never extended any credit to Mrs. Follette because investigations showed she was not financially responsible. Mrs. Follette herself, never asked for any credit. At one time Mrs. Butcher remonstrated with Mrs. Follette on account of the large amount of goods which she was purchasing. This was in my presence and Mrs. Butcher stated that she herself was responsible to me and would have to pay the bill."

A witness for the plaintiff testified that the defendant had said "that she . . . would stand good for and pay for whatever her daughter [bought?] if she, Mrs. Follette would not pay for it. . . . That Mrs. Butcher stated that she would sell some land in Memphis and would settle all accounts. . . . That she would stand good for whatever Mrs. Follette bought. That the charges on the sales made to Mrs. Follette were charged to her by Mrs. J. C. Butcher [the defendant]."

The statement that the defendant said she would pay for the goods, if her daughter would not, of course tended to indicate a collateral rather than an original obligation; but the plaintiff is not absolutely bound by the testimony of any witness other than herself. Her own use of the word "guarantee" might seem to have a similar tendency, but a witness, although a party, is not necessarily to be regarded as having used words in their strict legal sense. The test is whether the promise was in fact made and intended as collateral or original, the mere form of its expression not being controlling. (29 A. & E. Encycl. of L. 906-908; Notes, 15 L. R. A., n. s., 216; 31 Ann. Cas. 490; 36 Ann. Cas. 257, 258.) We regard the evidence quoted, with the favorable inferences to be drawn therefrom, as sufficient to warrant submitting to the jury the question whether credit was extended directly to the defendant as the original debtor, and as sufficient to support the affirmative answer given thereto.

The judgment is affirmed.