No. 24,207.

THE BADGER LUMBER COMPANY, *Appellee*, v. THE FARMERS UNION
ELEVATOR COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

CONTRACT—*Materials Furnished and Used in Construction of Elevator—Liability of Owner of Elevator.* Where an agreement was made between a contractor and an elevator company for the construction of an elevator, which agreement contained these provisions: "Payments are to be made by the owners as bills for materials and labor become due, upon presentation of bills for materials and vouchers for labor. It is further understood, in addition thereto, the owners will pay all freight and express charges, upon presentation of freight bills and express bills;" and where, on the verbal order of the contractor, the lumber company, in good faith, shipped and billed materials to the owners, which materials were received by them and used in the construction of the elevator, the owners paying the freight thereon, and invoices were sent by the lumber company to the owners, and received by them, and none to the contractor, the lumber company treating the owners as the buyers of the materials, and where the owners failed, for a considerable time, after the use of the materials, to disclaim liability, and where the lumber company procured the approval of a statement covering its bill by the contractor, and transmitted it to the owner when it still had a sufficient portion of the contract price on hand with which to pay the lumber company's bill; *held*, that the owners are liable, and judgment rendered by the trial court sustaining verdict of a jury will not be reversed.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed February 10, 1923. Affirmed.

*J. P. McLaughlin,* of Osage City, *O. T. Atherton,* and *R. M. Hamer,* both of Emporia, for the appellant.

*Gilbert H. Frith,* and *Louis E. Clevenger,* both of Emporia, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This is an action to recover for certain building materials furnished by plaintiff and used in the construction of an elevator at Allen, Kan. Trial was to a jury. Plaintiff recovered, and the defendant appeals.

On May 25, 1919, defendant entered into a contract with one F. W. Lehrack, under the terms of which Lehrack was to build an elevator for the sum of $8,234.55. The contract contained these provisions: "Payments are to be made by the owners as bills for materials and labor become due, upon presentation of bills for ma-

terials and vouchers for labor. It is further understood, in addition thereto, the owners will pay all freight and express charges upon presentation of freight bills and express bills."

Immediately after making this contract Lehrack visited the office of plaintiff; told of the contract and its terms; and ordered a bill of materials for use in constructing the elevator. Relying on said statements plaintiff shipped and billed the materials to defendant at Allen, Kan. The materials were received by defendant and used in the construction of the elevator, defendant paying the freight. Invoices covering the materials were sent by plaintiff to defendant on the first day of the following month (July) again on July 15, and again on August 1. Defendant made no reply on receipt of said statements, but afterwards refused payment.

Defendant contends that no contract, either express or implied, existed between it and plaintiff, and that, as it paid the full contract price for constructing said elevator to Lehrack, it was not liable to plaintiff. It also contends that this case grows out of the same transaction as the case of *Fairbanks, Morse & Co. v. Elevator Co.*, 110 Kan. 772, 205 Pac. 367; wherein it was held defendant was not liable.

This case is distinguished from the Fairbanks, Morse case. In that case the Fairbanks company sent Lehrack to defendant and recommended him. After he made his contract with defendant, Fairbanks, Morse & Co., before shipping materials to defendant, endeavored to procure a statement from defendant that it would be responsible for such material. The defendant declined to acknowledge any liability.

In this case defendant received the materials, paid the freight, permitted the use of the materials in the construction of its building, and made no disclaimer of responsibility. In addition thereto plaintiff, sometime in July, sent to defendant a statement of the account approved by Lehrack.

It was admitted in the trial of the case that of the contract price of $8,234.55 defendant had, on July 1, $4,789.62, and on August 1, $2,428.18.

Complaint is made of the introduction in evidence of certain conversations between plaintiff and defendant and agents of Lehrack relative to the approval of plaintiff's statement of account. Defendant contends that such conversations tended to convey to the jury an inference of a duty on the part of defendant to notify

plaintiff that it was not responsible for the bill or to have plaintiff's statement approved by Lehrack. The court said:

"Any conversation which Lehrack had with these parties regarding this matter is not binding upon the defendant in this case. The evidence is introduced merely to explain plaintiff's conduct and why plaintiff was induced to ship this material. It is not binding upon the defendant as varying the terms of that contract in any respect."

The defendant, in our opinion, was not prejudiced. Whether defendant should have notified plaintiff that he would not accept the materials and not be responsible for the bill therefor was a question of fact for the jury. (*Bartholomae & Co., v. Paull,* 18 W. Va. 771.)

It was admitted by appellant that on August 1, it still had sufficient balance of the contract price with which to pay this account, and the jury found that sometime during the month of July a statement of the account, approved by Lehrack, was transmitted by plaintiff to defendant.

It is a reasonable rule that one who, in good faith, ships goods to another may acquire the right to treat the other as a buyer, when the other, without disclaiming liability, receives and uses the goods, thereby receiving the benefit.

In 23 R. C. L. 1263 it is stated:

"A contract of sale may be implied from the facts and circumstances of the case creating an obligation on the part of the buyer to pay for goods received from another, and ordinarily when one person receives goods or merchandise from another the law implies a contract on his part to pay therefor, which will support an action of assumpsit for goods sold and delivered. One cannot ordinarily accept goods from another and use them and then refuse to pay for them on the ground that he never ordered them."

When the defendant chose to accept plaintiff's goods and use them in its elevator, knowing that plaintiff was looking to it for payment, the law implied a contract on its part.

In *Manufacturing Co. v. Mausoleum Co.,* 103 Kan. 236, 173 Pac. 302, it was held: "The builders of a mausoleum are liable to those who furnish the material for the erection thereof, in a sum equal to the amount unpaid on the contract, where the contractor becomes insolvent and is unable to perform his contract, and the owners agree with the contractor to complete the mausoleum and to pay for all materials and labor not already paid for, not exceeding, in all payments, the contract price." (Syl.)

We perceive no reversible error. The judgment is therefore affirmed.