No. 28,730.

THE HIGGIN MANUFACTURING COMPANY, *Appellee,* v. THE BANKERS
MORTGAGE COMPANY and GLEN J. PEARCY, *Appellants.*

(277 Pac. 44.)

Opinion filed May 4, 1929.

*J. A. Fleming,* of Topeka, for appellant, The Bankers Mortgage Company.

*J. G. Logan* and *J. Earl Farrish,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  The Higgin Manufacturing Company brought
this action against the Bankers Mortgage Company and Glen J.
Pearcy to recover for weather-stripping equipment furnished and
installed in a hotel and apartment building at Mankato, Kan.  The
mortgage company challenged the sufficiency of the petition, alleg-
ing that it did not state a cause of action against it.  That demurrer
was overruled, and the mortgage company appeals.

In the petition it was alleged that about January 30, 1926, a
contract of purchase was entered into between the plaintiff and
Glen J. Pearcy, and also the Bankers Mortgage Company, for the
weather-stripping of the building which was at that time in the pos-
session of the mortgage company as mortgagee; that at the time of
making the purchase it was understood and agreed by the mortgage
company that payment for the work and material would be made
by it.  The contract was executed on January 19, 1926, and it recited
the purchase of the equipment for certain windows and doors in the
hotel and apartment building and provided that $335, payable
thirty days after the installation, should be made with a guarantee
of the plaintiff to correct any defects due to imperfect material and

workmanship for a period of ten years from the date thereof. This contract was signed by Glen J. Pearcy, purchaser, and by W. S. McCreary, sales agent of the company.

It was alleged that the company was a mortgagee in possession of the building, and that at the time of purchase of the material it was understood and agreed by the company that payment for the material and installment should be made by it, and that on January 30, 1926, it addressed a letter to plaintiff in words as follows:

"In compliance with our conversation over the telephone this will advise you that the statement to be rendered by you for weather strips on the hotel building at Mankato, Kan., will be paid by us who hold the mortgage on this property."

This letter was signed by the president of the company. It is alleged that after this letter was received the plaintiff proceeded to furnish the material and install the weather-stripping equipment in the building, and afterwards sent the bill for the same to the mortgage company and Glen J. Pearcy. On March 11, 1926, after the completion of the work, the president of the company wrote the following letter to the plaintiff:

"GENTLEMEN—We are in receipt of the statement mailed to Glen J. Pearcy of Mankato, Kan., asking for $335 for weather strips placed upon the hotel building there. As soon as this statement is OK'd by Mr. Pearcy and he states that strips are on and the work is satisfactory to him, we are ready to pay your statement.          Yours truly,      M. W. CAVE, President."

There is an allegation that Glen J. Pearcy approved the work and material and sent the same to the mortgage company. Since that time the plaintiff has repeatedly demanded payment of the claim, but it has refused to pay the same, and therefore judgment was asked. It is urged first that there is no allegation in plaintiff's petition that a valuable consideration or benefit inured to the Bankers Mortgage Company for the promise, and therefore there is no liability of the defendants.

The Bankers Mortgage Company contends that it was the debt of Pearcy and that the contract must be regarded as collateral rather than an original promise. The allegations of the petition are that the Bankers Mortgage Company was a mortgagee in possession, and that it agreed to pay for the material and work at the time the purchase was made. This averment, together with the letters, is sufficient, we think, to show an original promise. Being in possession the material and labor furnished and done subserved its purpose,

inured to its benefit and to the damage of the plaintiff. There was therefore sufficient consideration for the promise, and it is not within the statute of frauds. (*Patton v. Mills,* 21 Kan. 163.) In that case the court cited and approved the following statement:

" 'It may, indeed, be stated as a general rule that wherever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another.' [3 Parsons on Contracts, 6th ed., p. 24.]" (p. 169.)

A similar ruling was made by the supreme court of the United States in *Emerson v. Slater,* 22 How. 28 (63 U. S.), where it was said:

"Whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability." (p. 43.)

See, also, *Johnson v. Huffaker,* 99 Kan. 466, 162 Pac. 1150; *Ezell v. Butcher,* 104 Kan. 465, 179 Pac. 332; *State Bank v. Murphy,* 115. Kan. 350, 223 Pac. 486; *Hoag v. Boyle,* 125 Kan. 436, 265 Pac. 61.

The judgment is affirmed.