No. 43,167

MASTIC TILE DIVISION, THE RUBEROID COMPANY, a Corporation, *Appellant,* v. MOORE ASSOCIATES OF TOPEKA, INC., a Corporation, *Appellee.* LEONARD J. PORTER, doing business as CUSTOM FLOOR AND SPECIALTY SHOP, *Defendant.*

(380 P. 2d 376)

Opinion filed April 6, 1963.

*B. L. Pringle* and *John Williams,* of Topeka, argued the cause, and were on the briefs for the appellant.

*James E. Benfer,* of Topeka, argued the cause, and *Harold E. Doherty* and *Ernest J. Rice,* of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff (appellant) Mastic Tile Division, The Ruberoid Company, a corporation, commenced this action against defendant Leonard J. Porter, doing business as Custom Floor and Specialty Shop, hereinafter referred to as Custom Floor, and defendant (appellee) Moore Associates of Topeka, Inc., hereinafter referred to as Moore Associates, to recover a balance due on an open account. From an order of the trial court sustaining defendant Moore Associates' demurrer to plaintiff's verified petition as amended, on the ground the petition failed to state a cause of action against Moore Associates, the plaintiff has appealed.

The amended petition in substance alleged: That plaintiff was engaged in the manufacture and sale of floor tile; that defendant Leonard J. Porter was doing business as Custom Floor and Specialty Shop; that defendant Moore Associates of Topeka, Inc. was engaged in the construction of houses and buildings in the city

of Topeka; that at the special instances and requests of defendants, and upon their implied promises to pay for their purchase of floor title, plaintiff sold and delivered floor tile to defendants upon open account. Copy of the account of charges and credits was attached and made a part of the petition.

The petition further alleged that the implied promises by the defendants to pay for the tile were based upon the following facts: The plaintiff, prior to extending credit to the defendants for the proposed purchase of the floor tile, required that all tile be paid for by Moore Associates by its check being drawn payable jointly to the plaintiff and defendant Custom Floor; that on March 31, 1960, by letter, Custom Floor stated the proposed terms of sale; that on April 6 the plaintiff, by letter, advised Moore Associates that a sale of the tile could not be consummated unless Moore Associates would agree in writing to pay for the tile as indicated in Custom Floor's letter dated March 31; and that defendant Moore Associates, by its letter dated April 8, accepted the terms of purchase. These letters, all attached to and made a part of the petition, disclosed that Moore Associates wanted to buy in excess of 700,000 feet of floor tile from plaintiff through Custom Floor to be used in its building program. The cost of the tile was $24,000. Plaintiff was not willing to sell this tile on credit of Custom Floor alone unless Moore Associates would agree to pay for the tile by its check drawn jointly to plaintiff and Custom Floor. The letters disclosed Custom Floor authorized payment by check from Moore Associates to the plaintiff and Custom Floor jointly, and by letter dated April 8 Moore Associates confirmed this agreement and promised to make payment for the tile by its check drawn payable to plaintiff and Custom Floor.

The petition further alleged that the plaintiff, upon receiving confirmation of the mentioned agreement, and exclusively upon such confirmation that Moore Associates would pay the plaintiff for the tile, extend credit for the purchase of the tile upon open account to Moore Associates and Custom Floor jointly, carrying the name of Custom Floor and Specialty Shop only on the account; that thereafter, upon the joint credit of defendants, plaintiff sold the tile to the defendants upon open account, which tile Moore Associates used to its benefit in its extensive housing construction projects, and Moore Associates paid to the plaintiff a part of said account but has refused to pay the balance. Plaintiff asks judg-

ment against Moore Associates for the balance due of $9,680.01.

We are of the opinion that the verified petition as amended stated a cause of action and the trial court erred in sustaining Moore Associates' demurrer thereto.

In the somewhat analogous case of *Lumber Co. v. Elevator Co.*, 112 Kan. 734, 212 Pac. 662, at page 736, it was stated:

"It is a reasonable rule that one who, in good faith, ships goods to another may acquire the right to treat the other as a buyer, when the other, without disclaiming liability, receives and uses the goods, thereby receiving the benefit.

"In 23 R. C. L. 1263 it is stated:

" 'A contract of sale may be implied from the facts and circumstances of the case creating an obligation on the part of the buyer to pay for goods received from another, and ordinarily when one person receives goods or merchandise from another the law implies a contract on his part to pay therefor, which will support an action of assumpsit for goods sold and delivered. One cannot ordinarily accept goods from another and use them and then refuse to pay for them on the ground that he never ordered them.'

"When the defendant chose to accept plaintiff's goods and use them in its elevator, knowing that plaintiff was looking to it for payment, the law implied a contract on its part."

As early as *Calahan v. Ward*, 45 Kan. 545, 26 Pac. 53, it was shown that one, Mounts, desired to purchase from the plaintiff, a merchant, some groceries on credit. Plaintiff refused to sell to Mounts on credit. Mounts then called his employer, the defendant, and the defendant told the plaintiff he would be responsible for the groceries and to let Mounts have what he wanted. The goods sold pursuant to the arrangement were charged to Mounts instead of the defendant Ward. This court said the matter should have been submitted to the jury for them to say whether the goods were sold to Mounts on his credit or on the credit of the defendant Ward. The court further said if the goods were sold to Mounts on credit of Ward, then the undertaking of Ward was an original one, and he would be liable under the circumstances set forth in the evidence.

Again, in *Higgin Mfg. Co. v. Bankers Mortgage Co.*, 128 Kan. 267, 277 Pac. 44, the court, at page 269, said:

"It may, indeed, be stated as a general rule that wherever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another."

In the instant case the petition alleged the goods were sold to Moore Associates and that no credit would have been extended to Custom Floor had not Moore Associates agreed to make all checks payable jointly to plaintiff and Custom Floor. Moore Associates, by their letter of April 8 to plaintiff, stated:

"This letter will confirm our agreement to make all checks payable to Mastic Tile Division, The Ruberoid Company and Custom Floor & Specialty Shop.

"If you need any further information please do not hesitate to contact me."

The petition further alleged that on this written promise the tile was shipped and under said agreement Moore Associates paid approximately $15,000 on the account, as disclosed by the statement of the account attached to the petition.

Moore Associates relies on the case of *Failing Co. v. Cardwell Investment Co.*, 190 Kan. 509, 376 P. 2d 892. However, a reading of this case will disclose it has no application to the pleadings involved in the instant case.

Moore Associates used the tile to serve a beneficial purpose in their building project and it cannot be said that the statute of frauds has any application to the facts alleged in plaintiff's petition. An examination of the petition together with the attached letters is sufficient, we think, to show a promise on behalf of Moore Associates to pay the account.

The judgment of the trial court is reversed with directions to overrule Moore Associates' demurrer to the petition as amended and fix the time for the defendant (appellee) to answer. It is so ordered.