No. 76,091

DAVID R. MCDONALD, *Appellant*, v. ROBERT D. HANNIGAN, *et al.*, *Appellees.*

(936 P.2d 262)

Opinion filed April 18, 1997.

*David B. Kurt*, of Hutchinson, argued the cause, and *Cheryl I. Allen*, of Legal Services for Prisoners, Inc., of Hutchinson, was on the brief for appellant.

*Timothy G. Madden*, of Kansas Department of Corrections, argued the cause, and *Jon D. Graves*, of Hutchinson Correctional Facility, was on the brief for appellees.

The opinion of the court was delivered by

LOCKETT, J.: Prisoner David R. McDonald appealed the district court's summary denial of a petition for writ of habeas corpus, K.S.A. 60-1501. The Court of Appeals dismissed the appeal for

lack of jurisdiction, holding that McDonald's notice of appeal was untimely filed. McDonald filed a petition for review claiming the expanded unique circumstances doctrine should be applied and he should be permitted to proceed. We granted his petition for review and we now reverse the order of the Court of Appeals.

We set out the procedural facts of the case in detail to show the sequence of events:

On October 6, 1994, McDonald was arrested in Wyandotte County case No. 94C1830 for possession with intent to sell marijuana in violation of K.S.A. 65-4127b. The offense date in the case was June 9, 1994, at which time McDonald was on parole for crimes committed prior to the effective date of the Kansas Sentencing Guidelines Act (July 1, 1993). The date of McDonald's conditional release on the prior crimes was August 18, 1994. On February 21, 1994, the Department of Corrections determined that McDonald was not eligible for conversion under the new sentencing guidelines.

On June 17, 1994, McDonald was listed as absconding, and a warrant was issued on October 6, 1994. McDonald was incarcerated on October 7, 1994. On December 2, 1994, McDonald pled no contest in case No. 94C1830, and the court sentenced him to 22 months in prison. On March 14, 1995, the Kansas Parole Board revoked his conditional release.

On March 15, 1995, McDonald contacted the records department at the Hutchinson Correctional Facility, claiming that pursuant to K.S.A. 22-3717, he was entitled to begin serving his new sentence on the conditional release date of the prior offenses, August 18, 1994. The records department denied his request.

On May 2, 1995, McDonald filed a writ of habeas corpus, K.S.A. 60-1501, in Reno County District Court. In a memorandum in support of a motion to dismiss, the Department of Corrections asserted that a conditional release date would have no meaning if an inmate is not under the supervision of the Secretary of Corrections in a correctional facility. The district court filed a journal entry summarily dismissing the writ on June 13, 1995. McDonald states that he did not receive notice of the dismissal.

On August 7, 1995, McDonald wrote to the Reno County District Court requesting a copy of the appearance docket and asking whether a hearing had been scheduled in the case. Upon receiving a copy of the docket on August 12, 1995, McDonald discovered that the case had been dismissed, and he mailed a notice of appeal to Reno County District Court the same day. The notice of appeal was filed in Reno County on August 21, 1995.

On January 17, 1996, the district court appointed Cheryl Allen of Legal Services for Prisoners, Inc., to represent McDonald. On January 24, 1996, Allen filed a Motion to Allow Late Filing of Notice of Appeal in the district court. Allen alleged that a late notice should be allowed because (1) McDonald was an indigent prisoner without training or education in the law; (2) the appeal time was allowed to run "through no fault of his own"; and (3) McDonald was "unaware of the statutes and Supreme Court Rules applicable to him." The district court granted the motion on January 24, 1996. The journal entry did not explain the district court's rationale for granting the motion, but merely stated: "WHEREUPON, after considering petitioner's motion, the Court orders that petitioner be allowed to file his Notice of Appeal in the District Court and proceed with his appeal in the above captioned case." Allen filed a notice of appeal in the district court on January 24, 1996, and a docketing statement with the Court of Appeals on February 7, 1996.

On March 11, 1996, the Court of Appeals issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. The court noted the district court's journal entry allowing the late filing of the notice of appeal, but pointed out that the district court's order was not clear and ordered the parties to address the district court's reasoning in their responses to the order to show cause.

On March 20, 1996, the district court heard argument on the second notice of appeal and issued an order nunc pro tunc stating:

"The Order in the above-captioned case is hereby amended to clarify the basis for the Trial Court's Order allowing the Petitioner to file a Notice of Appeal Out of Time.

"The Order was issued for the following reasons:

"1. That he is an indigent prisoner in the custody of the Secretary of Corrections and is without training or education in the law.

"2. That the normal time limit for the filing of a Notice of Appeal was allowed to run through no fault of his own, and he was unaware of the statutes and Supreme Court Rules applicable to him.

"WHEREFORE, it is ordered that the Petitioner be allowed to file his Notice of Appeal Out of Time."

On March 20, 1996, McDonald responded to the Court of Appeals' March 11, 1996, order to show cause. He stated, through Allen, that he had filed a notice of appeal when he first learned of the district court's judgment. Allen also attached the district court's nunc pro tunc order allowing the late filing because of McDonald's indigency and his lack of knowledge of the law, and because the appeal time was allowed to run through no fault of his own.

On April 11, 1996, the Court of Appeals interpreted the district court's nunc pro tunc order not to have found excusable neglect for failure to learn of the entry of judgment and dismissed the appeal. The Court of Appeals dismissed the appeal for lack of jurisdiction, noting that the only way a court can extend the deadline for filing a notice of appeal is by finding "excusable neglect for appellant's failure to learn of the entry of judgment" under K.S.A. 60-2103(a).

Allen filed a motion for rehearing in which she set out the events prior to her appointment. Allen asserted to the Court of Appeals that McDonald's August 7, 1995, letter requesting a copy of the appearance docket was evidence that McDonald was unaware that his case had been dismissed. She also attached McDonald's notice of appeal mailed on August 12, 1995, and filed on August 21, 1995. Allen argued that the notice of appeal filed on August 21, 1995, was timely filed because McDonald had mailed his notice of appeal on the day he received a copy of the district court appearance docket and learned his case had been dismissed by the judge without out a hearing.

The Court of Appeals denied the motion for reconsideration on May 6, 1996, noting it never received a certified copy of the August 12, 1995, notice of appeal and, even if it had, that notice was filed beyond the 30-day limitation set out in K.S.A. 60-2103(a). The

Court of Appeals also pointed out that McDonald had not provided a district court order allowing the filing of a late notice of appeal based upon excusable neglect for failure to learn of the entry of judgment pursuant to K.S.A. 60-2103(a). This court granted McDonald's petition for review.

## RIGHT TO APPEAL

The right to appeal is entirely statutory and not a right contained in the United States or Kansas Constitutions; subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes. *Jones v. Continental Can Co.*, 260 Kan. 547, Syl. ¶ 1, 920 P.2d 939 (1996). An appellate court has the duty of questioning jurisdiction on its own motion. If the record discloses a lack of jurisdiction, the appeal must be dismissed. *Snodgrass v. State Farm Mut. Auto. Ins. Co.*, 246 Kan. 371, 373, 789 P.2d 211 (1990).

McDonald claims that the unique circumstances doctrine adopted in *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988), should allow him to proceed with the appeal even if his notice of appeal was filed out of time. The *Schroeder* court held that in the interests of justice, an appeal which is otherwise untimely may be maintained in unique circumstances if (1) an appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended. 242 Kan. 710, Syl. The doctrine of unique circumstances was expanded in *Slayden v. Sixta*, 250 Kan. 23, 825 P.2d 119 (1992) (untimeliness of appeal resulted from error by clerk of district court), and *In re Tax Appeal of Sumner County*, 261 Kan. 307, 930 P.2d 1385 (1997) (doctrine extended to error by administrative agency which covered untimely filing of petition for reconsideration). Here, we need not determine if the application of the doctrine of unique circumstances applies since McDonald's appeal was timely.

"Prior to the adoption of the 1964 Code of Civil Procedure, pleadings were technical and the failure to strictly follow rules generally was fatal. The new code attempted to bring a relaxed atmosphere to the legal practice. Notice pleading was adopted and substantial compliance, so long as the opposing side was not prejudiced, became the general rule. The theory was that, within reason, the litigants are to have their case decided in court on the merits and that judges should not be hypertechnical in interpreting statutes and rules to defeat the parties having their day in court. Jurisdictional statutes and rules, of course, must be followed; however, there are exceptions even in jurisdictional matters." *Honeycutt v. City of Wichita*, 251 Kan. 451, 459, 836 P.2d 1128 (1992).

K.S.A. 60-2103(a) provides that when an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken is 30 days from the entry of judgment, as provided in K.S.A. 60-258 and amendments thereto, except that upon a showing of excusable neglect based upon a failure of a party to learn of the entry of judgment, the district court in any action may extend the time for appeal for a period not exceeding 30 days from the expiration of the original time herein prescribed.

We note that although a journal entry is an effective judgment upon signing and filing with the clerk of the court, the time in which to file a notice of appeal does not begin to run until there has been compliance with K.S.A. 60-258, which provides no judgment shall be effective until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. K.S.A. 60-258 provides further that when a judgment is entered by judgment form, the clerk shall serve a copy of the judgment form on all attorneys of record within 3 days. In addition, Kansas Supreme Court Rule 134 (1996 Kan. Ct. R. Annot. 157) requires that judgments be mailed to the parties if the judgment is not rendered at a hearing at which the parties are present.

The application of these statutes was discussed in *Daniels v. Chaffee*, 230 Kan. 32, 630 P.2d 1090 (1981), which involved a civil appeal of the district court's denial of a motion to vacate a default judgment. The journal entry denying the motion to vacate was filed without notice, and copies of the order were never mailed to counsel or the parties. Subsequently, the district court granted defendant's motion for rehearing and entered an order setting aside and

vacating the default judgment. On appeal, plaintiffs argued that the district court's order setting the default judgment aside was invalid. Plaintiffs contended that the district court was without jurisdiction to grant the motion for rehearing since defendants failed to file a notice of appeal within 30 days of the entry of the default judgment. Plaintiffs argued that defendant's failure to file the appeal within 30 days was not affected by the district court's failure to serve the parties with a copy of the judgment as required by K.S.A. 60-258. The Court of Appeals agreed with plaintiffs.

This court granted the defendant's petition for review and found the interpretation adopted by the Court of Appeals "unjust and inequitable," 230 Kan. at 37, stating:

"Applying a liberal interpretation of K.S.A. 60-258 and construing that statute along with the other statutes mentioned and Rule No. 134, we hold that, where a trial court enters judgment without giving notice to the parties or counsel as required by K.S.A. 60-258 and Rule No. 134, a valid judgment is entered which is subject, however, to being set aside when attacked by post-judgment motions and proceedings. The time for filing post-judgment motions or taking an appeal from a final judgment entered without notice commences to run when there has been a compliance with K.S.A. 60-258 and Rule No. 134. In each individual case, a rule of reason must be applied to insure that the rights of the parties are protected and that they are not denied their legal rights through forces beyond their control. We hold that, under the circumstances of this case, where counsel for the defendant, upon receiving notice of the trial court's judgment, promptly filed a motion for rehearing, the trial court had jurisdiction to hear the motion for rehearing and to reconsider its judgment. . . ." 230 Kan. at 38.

In *Danes v. St. David's Episcopal Church*, 242 Kan. 822, 827, 752 P.2d 653 (1988), we considered whether the appellant filed a timely motion for new trial within 10 days of the entry of judgment. The clerk of the court mailed the entry of judgment on the date it was filed, September 2, 1986. The appellant filed a motion for new trial 13 calendar days later, on September 15, 1986. The appellee argued to the district court that the motion was untimely. The district court rejected that argument, holding that K.S.A. 60-206(e) added 3 days to the period in which to file a motion for new trial when judgments are mailed to the parties. 242 Kan. at 827. On appeal, the appellee attempted to distinguish *Daniels* on the ground that the district court in *Daniels* failed to comply with Su-

preme Court Rule 134, requiring service of judgments on the parties, while in *Danes* the clerk had mailed the notice of the judgment. The *Danes* court rejected the claimed distinction, pointing out the policy arguments set forth in *Daniels* for a liberal interpretation of the civil procedure code to secure the just, speedy, and inexpensive determination of the parties' rights. 242 Kan. at 825.

In *Daniels*, the court did not specify how the defendant received notice of the judgment he sought to attack, but the court noted that "shortly after receiving notice of the court's journal entry, the defendant filed a motion for rehearing." 230 Kan. at 34. However, the court considered the defendant's action a timely attack on the validity of the judgment sufficient to "extend" the jurisdiction of the district court to rule on subsequent matters. Therefore, the rule of *Daniels* and *Danes* is that a party's prompt action within 10 days (for a motion specified in K.S.A. 60-2103[a]), or within 30 days (for filing a notice of appeal pursuant to K.S.A. 60-2103[a]) from the date upon which he or she learns of the entry of judgment is sufficient to preserve the right to attack the judgment. See also *Nicklin v. Harper*, 18 Kan. App. 2d 760, 764, 860 P.2d 31 (1993) (surety's time to appeal from judgment which resulted from hearing where surety was not present began running on the date surety received written notice of the judgment); *Scott v. U.S.D. No. 377*, 7 Kan. App. 2d 82, 85, 638 P.2d 941 (1981) (although a "judgment form" was filed, it was never served on plaintiff's attorneys, and time for filing a motion to alter or amend did not begin running until a later journal entry was signed and served).

Under most Kansas statutes, the time for taking an appeal under the civil code does not commence to run until the party entitled to appeal has received notice of the judgment or order or the judgment is filed with the clerk of the court. The reason to require notice to the party is to insure that the party having the right to appeal has actual knowledge that an adverse judgment has been rendered. *Atkinson v. U.S.D. No. 383*, 235 Kan. 793, 797, 684 P.2d 424 (1984).

Thus, the time for filing post-judgment motions or taking an appeal from a final judgment entered without notice commences to run when there has been compliance with K.S.A. 60-258 and

Supreme Court Rule 134. In each case, a rule of reason must be applied to insure that the rights of the parties are protected and that the parties are not denied their legal rights through forces beyond their control.

Here, McDonald states he learned of the entry of judgment on August 12, 1995, when he received a copy of the appearance docket. The record, which included his August 7, 1995, letter to the clerk requesting a copy of the appearance docket, supports his claim that he was unaware that judgment had been entered on June 13, 1995. His notice of appeal was mailed immediately and filed on August 21, 1995. The Court of Appeals failed to consider that McDonald's notice of appeal filed August 21, 1995, was timely if he did not learn of the district court's June 13 entry of judgment until he received the appearance docket on August 12, 1995. The record before the Court of Appeals, including McDonald's August 7 letter and August 12 notice of appeal filed on August 21, 1995, indicated that the appeal was timely. The Court of Appeals applied an overly strict interpretation of the timely notice of appeal rule under K.S.A. 60-2103(a) and placed the burden of proving jurisdiction on the wrong party.

Applying a liberal interpretation of K.S.A. 60-258, construing that statute along with the other statutes mentioned and Supreme Court Rule 134, and based on the record, we find that the trial court entered judgment without giving notice to the parties or counsel as required by K.S.A. 60-258 and Supreme Court Rule 134. Although the district court entered a valid judgment, the judgment was subject to being set aside when attacked by post-judgment motions and proceedings.

We hold, under the circumstances of this case, that McDonald, upon receiving notice of the trial court's judgment, promptly filed a motion to allow a late notice of appeal based upon excusable neglect for failure to learn of the entry of judgment in the district court. The findings of the district court were sufficient for the Court of Appeals to exercise jurisdiction to hear the appeal.

Reversed and remanded to the Court of Appeals for further proceedings.