(972 P.2d 786)
No. 79,798

JERRY RICE, *Appellant,* v. BARKER & BUNCH, P.C., J. J. MALONEY, and DAVID CLARK, *Appellees.*

—

Opinion filed December 31, 1998.

*Jerry Rice*, appellant pro se.

*David E. Caviness*, of Kansas City, Missouri, for appellees Barker & Bunch, P.C., and J.J. Maloney.

*Douglas P. McLeod*, of Blackwell Sanders Matheny Weary & Lombardi, L.L.P., of Kansas City, Missouri, for appellee David Clark.

Before ELLIOTT, P.J., PIERRON and ROYSE, JJ.

ROYSE, J.: Jerry Rice brought this action against Barker & Bunch, P.C., David Clark, and J.J. Maloney, claiming damages for their negligence in defending him on a murder charge. The district court granted the defendants' motions to dismiss Rice's claim, and Rice appeals.

We have examined the jurisdiction question raised by Barker & Bunch, P.C., and Maloney. We have concluded we have jurisdiction over this appeal. See *McDonald v. Hannigan*, 262 Kan. 156, 163-64, 936 P.2d 262 (1997).

In its rulings, the district court applied the "but for" rule of *Webb v. Pomeroy*, 8 Kan. App. 2d 246, 655 P.2d 465, *rev. denied* 232 Kan. 876 (1982). That rule requires a plaintiff in a legal malpractice case arising out of prior litigation to show that but for the negligence of the attorney-defendant, the outcome of the under-

lying lawsuit would have been successful. 8 Kan. App. 2d at 249. In this case, Rice explicitly acknowledged he was making no such claim.

On appeal, Rice attempts to avoid application of the *Webb* rule by contending that his claims against Clark and Maloney are based on their breach of a duty to Barker & Bunch, P.C., not on their breach of a duty to him. This contention misconstrues negligence law and is unavailing. "[B]efore a plaintiff can recover under a tort claim, the defendant must have violated a duty which it owed to the plaintiff." *OMI Holdings, Inc. v. Howell*, 260 Kan. 305, 315, 918 P.2d 1274 (1996).

Rice further contends on appeal that his claim against Barker & Bunch, P.C., arises out of their attorney-client relationship and is a breach of contract claim. But the gravamen of Rice's complaint is breach of a legal duty, not breach of a contractual provision. See *Hunt v. KMG Main Hurdman*, 17 Kan. App. 2d 418, 421-22, 839 P.2d 45 (1992).

Finally, Rice argues without citation to any authority that the *Webb* "but for" rule applies only to attorneys. This argument is without merit. Rice has presented no reason for applying a different rule to a person performing investigative work for an attorney in connection with the attorney's representation of the plaintiff simply because that person is not an attorney. The fundamental hurdle that Rice must, but cannot, overcome is the causation issue.

We have considered all of Rice's arguments and are satisfied that they are without merit. The district court did not err in granting the motions to dismiss.

Rice's second argument on appeal is that the district court abused its discretion by failing to order him transported from prison to court for the hearings on the motions or by failing to conduct the hearings by telephone. Rice acknowledges that his motions for transportation did not request oral argument. More importantly, the record shows Rice took full advantage of the opportunity to file written pleadings in opposition to the motions to dismiss. He has not pointed to anything he would have presented at oral argument that was not already fully presented to the district court.

We conclude that reasonable people could agree with the district court's decision not to order Rice transported from Lansing to Wyandotte County or to schedule a telephone conference. In any event, Rice has failed to show any prejudice from the district court rulings.

Affirmed.