**Ronald Dale ELY, Plaintiff–Appellant,**

v.

**Kevin HILL, Brown County Attorney; James A. Patton, Brown County District Court Judge, Defendants–Appellees.**

No. 01–3190.

United States Court of Appeals, Tenth Circuit.

May 8, 2002.

Before MURPHY, McKAY, and BALDOCK, Circuit Judges.

ORDER AND JUDGMENT *

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

The court generally disfavors the citation of orders and judgments; nevertheless, an order

mously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Ronald Dale Ely appeals the district court's dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983. We affirm.

### I. Background

On January 4, 2000, plaintiff's wife filed case No. 00–D–03 in the Kansas state court, seeking an order against plaintiff under the Protection from Abuse Act, Kan. Stat. tit. 60, §§ 3101–3111. It is undisputed that plaintiff was not served with notice of his wife's application for a protective order and thus did not appear at the January 10, 2000 hearing. Plaintiff alleges that before this date, he notified the court of his address in anticipation of a divorce proceeding.

At the January 10, 2000 hearing, plaintiff's wife testified and obtained a one-year order of protection against plaintiff. The court also granted the wife exclusive possession of the family home, temporary possession of all property in the home, and exclusive custody of the children with no visitation by plaintiff. Again, the order was not served, although it appears that by this time both the court and the sheriff's department knew where plaintiff was living.

On February 1, 2000, plaintiff's wife filed case No. 00 D 22, seeking a divorce from plaintiff. Plaintiff was served with divorce papers on February 4, 2000, and he alleges that it was from this paperwork that he first heard of the protective order. Plaintiff alleges he was unable to obtain a copy of the order until he paid a fee on March 9, 2000. From February through April, plaintiff wrote numerous letters to the court, which he claims were requests to set aside the protective order and to take evidence on the abuse issue, including a polygraph test. Plaintiff also filed a number of motions in the divorce proceeding. On April 5, 2000, a hearing was held in the divorce proceeding. Plaintiff alleges that he was not allowed at that time to take the stand and dispute the abuse allegations. On May 3, 2000, plaintiff's wife requested that the divorce proceeding be dismissed, but that the protective order remain in place. The district court dismissed the divorce proceeding on May 10, 2000, but continued the protective order.

On June 26, 2000, plaintiff filed this civil rights action in the federal district court pursuant to 42 U.S.C. § 1983. Naming as defendants the judge of the state court, Judge Patton, and the Brown County Attorney, Kevin Hill, plaintiff requested the federal district court to set aside all proceedings in both the protection from abuse case and the divorce case; to declare the Kansas Protection from Abuse statute unconstitutional; and to award compensatory damages, punitive damages, and attorney fees based on defendants' acts.

Defendants filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which were granted by the district court on the following grounds: (1) plaintiff's request to set aside proceedings in state court case No. 00–D–22 (divorce) was moot because the case had already been dismissed; (2) the court lacked jurisdiction to consider plaintiff's request to put aside proceedings in case No. 00–D–03 (protective order) based on the *Rooker–Feldman* doctrine;[1] (3)

---

and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1.** *See Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

even if the court had jurisdiction, it would exercise its discretion to abstain from deciding the case pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny; (4) Judge Patton was absolutely immune for his judicial acts; (5) plaintiff's failure to allege facts showing that Brown County Attorney Hill participated in the challenged lawsuits entitled Hill to dismissal based on qualified immunity and failure to state a claim. Plaintiff appeals.

"We review *de novo* the district court's grant of a 12(b)(6) motion to dismiss, bearing in mind that all well-pleaded allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir.2001) (quotation omitted). Because he is *pro se*, we also construe plaintiff's pleadings liberally. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999).

## II. Request to Set Aside State Proceedings

Plaintiff argues first that his due process rights were violated by the failure to notify him of the abuse protection hearing, by entering the protective order without giving him an opportunity to respond, and by failing to serve him with the protective order once it was entered. Plaintiff seeks to have the entire state proceeding put aside. He also seeks a declaration that the protection from abuse statute is unconstitutional.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal district court's subject matter jurisdiction is constrained by numerous constitutional provisions, statutes, and doctrines. These jurisdictional limits are mandatory, and jurisdiction cannot be conferred by the parties' agreement or by an exercise of the court's discretion. "It is to be presumed that a cause lies outside [the court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citation omitted).

■ The *Rooker–Feldman* doctrine bars a federal court from exercising jurisdiction over a case where the court is being asked, in essence, to review a state court judgment. *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303; *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir.1991). A party who loses "in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). The *Rooker–Feldman* doctrine also prohibits a federal district court from issuing "any declaratory relief that is inextricably intertwined with the state court judgment." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (internal quotation marks and citation omitted).

Here, plaintiff is asking this court to review the factual and procedural correctness of the state court judgment. In addition, his challenge to the constitutionality of the abuse protection statute is inextricably intertwined with the merits of the state case, and should have been raised in the state proceeding. *See Facio*, 929 F.2d at 543 (explaining that a constitutional challenge is inextricably intertwined with a state court judgment where, as here, the plaintiff would not have standing to challenge the statute other than as applied in his case). For these reasons, the *Rooker–Feldman* doctrine deprives the federal

courts of jurisdiction over both plaintiff's request to set aside the state proceedings and his constitutional challenge to the protection from abuse statute.

Plaintiff argues that the *Rooker–Feldman* doctrine should not apply in this case because the state court's failure to notify him of the protective order in a timely manner caused him to miss the time to appeal. The record belies this assertion. Plaintiff himself states that he first received notice of the protective order on February 4, 2000, which was within the appeal period. *See* Kan. Stat. Ann. tit. 60, § 2103(a). In addition, Kansas law allows a party such as plaintiff, who was not notified of the judgment when it was entered, an extra thirty days in which to appeal from the time he learns of the judgment. *McDonald v. Hannigan,* 262 Kan. 156, 936 P.2d 262, 266–67 (1997). Finally, given the district court's authority to amend the order any time during its existence, *see* Kan. Stat. Ann. tit. 60, § 3107(e), it appears that plaintiff could have moved for amendment any time during the year, with the ability to appeal the state court's denial. The district court correctly held that it lacked jurisdiction over plaintiff's request to set aside the state proceedings and his constitutional challenge to the statute.

### III. Damages Action Against Judge Patton

■ It is not clear whether plaintiff sought damages against Judge Patton in his personal or official capacity. In dismissing the damages claim, the district court relied on judicial immunity, which applies only to personal capacity claims. *See Kentucky v. Graham,* 473 U.S. 159, 165–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Even if plaintiff's claim was brought against Judge Patton in his official capacity, however, we may affirm the dis-

trict court's dismissal on a different ground if there is conclusive legal support in the record. *Harris v. Champion,* 51 F.3d 901, 905 (10th Cir.1995).

In this case, the record shows conclusively that the district court lacked jurisdiction over a damages claim against Judge Patton in his official capacity. The Supreme Court has made clear that

> [A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity. That is so because ... a judgment against a public servant in his official capacity imposes liability on the entity that he represents.

*Graham,* 473 U.S. at 169, 105 S.Ct. 3099 (citations and quotations omitted). Because a claim for compensation against Judge Patton in his official capacity is in reality a claim against the state itself, it is precluded by operation of the Eleventh Amendment.

■ The district court also correctly dismissed plaintiff's damages claim against Judge Patton in his personal capacity, based on judicial immunity. So long as the judge acted in his judicial capacity and the action was not taken "in the complete absence of all jurisdiction," the judge is immune from a suit seeking damages. *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). This is so even if the judge acted in bad faith, with malice, or in furtherance of a conspiracy. *Id.* at 11, 112 S.Ct. 286; *Hunt v. Bennett,* 17 F.3d 1263, 1267 (10th Cir.1994). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his

own convictions, without apprehension of personal consequences to himself." *Mireles,* 502 U.S. at 10, 112 S.Ct. 286 (quotations omitted).

### IV. Plaintiff's Remaining Arguments

The district court dismissed plaintiff's claims against County Attorney Hill because the complaint did not allege facts demonstrating that the county attorney participated in plaintiff's case or that he had a duty to intervene in the case. On appeal, plaintiff addresses this dismissal in passing only, reiterating his argument that Hill should have intervened in the abuse proceeding to avert a miscarriage of justice. We have independently reviewed plaintiff's complaint, applying the standard set forth in *Currier v. Doran,* 242 F.3d 905, 916–17 (10th Cir.) (abandoning heightened pleading requirement), *cert. denied,* — U.S. ——, 122 S.Ct. 543, 151 L.Ed.2d 421 (2001). We agree with the district court that plaintiff's complaint failed to state a claim against the county attorney.

Because the district court correctly dismissed all of plaintiff's claims based on the *Rooker–Feldman* doctrine, the Eleventh Amendment, judicial immunity, and the county attorney's lack of personal participation, we need not examine defendants' remaining arguments in support of the district court's decision. We will not address plaintiff's argument regarding the state Attorney General's alleged conflict of interest in representing Judge Patton, as this issue was not raised to and decided by the district court. *See Tele-Communications, Inc. v. Comm'r,* 104 F.3d 1229, 1232 (10th Cir.1997) (noting that appellate courts generally will not consider an issue raised for the first time on appeal).

Finally, "[t]he decision whether to appoint counsel in a civil case is left to the sound discretion of the district court."

*Blankenship v. Meachum,* 840 F.2d 741, 743 (10th Cir.1988). In this case, the legal doctrines precluding plaintiff's claims are so clear cut that appointing an attorney for plaintiff would not change the conclusion that his claims should be dismissed. Therefore, the district court did not abuse its discretion in refusing to appoint counsel for plaintiff. For the same reason, we deny plaintiff's motion for appointment of counsel on appeal.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.