IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 119,881
119,885

STATE OF KANSAS,
*Appellee*,

v.

RODNEY J. HOOKS,
*Appellant.*

SYLLABUS BY THE COURT

1.

The unique circumstances doctrine is no longer an accepted source of appellate jurisdiction.

2.

Generally, Kansas appellate courts do not make factual findings. This task is reserved for district courts, where evidence is offered and tested.

3.

In this case, where the appellant alleges an untimely notice of appeal was the result of deficient service and the district court did not make findings of fact regarding the untimely notice of appeal, remand to the district court is appropriate to determine the date of compliance with K.S.A. 2019 Supp. 60-258 and Supreme Court Rule 134 (2020 Kan. S. Ct. R. 200), along with other circumstances surrounding the pro se defendant's receipt of service or actual knowledge of the judgment.

1

Appeal from Sedgwick County District Court; JEFFREY E. GOERING, judge. Opinion filed January 8, 2021. Remanded with directions.

*Mark Sevart*, of Derby, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: Rodney J. Hooks filed an untimely notice of appeal of a district court judge's denial of his motion to correct an illegal sentence and K.S.A. 60-1507 motion. The district judge did not make any findings on the record about the circumstances of the untimeliness of Hooks' notice of appeal. Following a show cause order, Hooks argued that this court should retain his appeal under the "unique circumstances doctrine." But the unique circumstances doctrine was eliminated as a source of appellate jurisdiction in 2011. *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 117-20, 260 P.3d 387 (2011).

While other due process-related grounds may nevertheless vest this court with jurisdiction over the appeal, maintaining jurisdiction on such grounds would require this court to make factual findings. We decline to do so and, instead, remand to the district court for factual findings regarding the circumstances of the untimeliness of Hooks' notice of appeal.

FACTS AND PROCEDURAL BACKGROUND

In 1990, at the age of 15, Rodney Hooks committed first-degree murder, aggravated robbery, aggravated battery, aggravated criminal sodomy, attempted aggravated criminal sodomy, two counts of rape, two counts of aggravated burglary, two

counts of aggravated assault, and four counts of aggravated kidnapping. *State v. Hooks*, 251 Kan. 755, 840 P.2d 483 (1992). On direct appeal, this court affirmed Hooks' convictions and the district court's decision to try him as an adult. 251 Kan. at 759.

In July 2017, Hooks filed a motion to correct an illegal sentence. Hooks also argued that he was entitled to relief under K.S.A. 60-1507. The State opposed the motion. The district judge denied the motion without a hearing and filed a journal entry memorializing this decision on July 31, 2017.

Hooks filed a notice of appeal on November 14, 2017, well past the 30-day time in which he was required by statute to file his appeal. K.S.A. 2019 Supp. 60-2103(a). With his motion, Hooks filed a letter stating that he "just received notice from [the Sedgwick County clerk's office] that this motion was denied on July 28, 2017. Had [he] been notified of the decision back then [he] would have filed [his] notice of appeal back then." The district judge did not address Hooks' late notice of appeal on the record.

After Hooks docketed his appeal, this court issued a show cause order. This court ordered Hooks to explain why the case should not be dismissed for lack of jurisdiction given that Hooks filed his notice of appeal more than 30 days after the journal entry denying his motion. In his response, Hooks explained that although the journal entry is stamped July 31, 2017, "[t]here is no designation on the Order that it was mailed or otherwise served on or sent to" him. He also pointed to his letter, filed with his notice of appeal, that stated "I just received notice from your office that this motion was denied on July 28, 2017." Thus, he argued:  "The Court's error resulted in the delay in the filing of the notice of appeal. It was not caused by Mr. Hooks. Like similar cases before his, Mr. Hooks' appeal should be allowed under the unique circumstances doctrine."

ANALYSIS

"[T]he right to appeal is entirely statutory and [] the limits of our jurisdiction are imposed by the legislature." *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). Hooks' statutory right to appeal from the denial of his K.S.A. 22-3504 motion is subject to K.S.A. 2019 Supp. 60-2103(a). *State v. Swafford*, 306 Kan. 537, 540, 394 P.3d 1188 (2017). In turn, this statute provides that "the time within which an appeal may be taken shall be 30 days from the entry of the judgment." K.S.A. 2019 Supp. 60-2103(a). An appellant's failure to file a timely notice of appeal generally strips an appellate court of jurisdiction. See *Albright v. State*, 292 Kan. 193, 194, 292 Kan. 193 (2011) ("An appellate court's jurisdiction depends on several factors, including the timely filing of a notice of appeal.").

In some limited circumstances, however, appellate courts exercise jurisdiction despite an untimely notice of appeal. See *Albright*, 292 Kan. at 198 ("The [*State v.*] *Ortiz*[, 230 Kan. 733, 640 P.2d 1255 (1982)] exceptions recognize that an untimely appeal may be allowed in the direct appeal from a conviction and sentence if a criminal defendant either (1) was not informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal.").

But here, in his response to this court's show cause order, Hooks argued only that the "unique circumstances" doctrine permitted this court to retain jurisdiction over his appeal. This doctrine was eliminated by *Board of Sedgwick County Comm'rs*, 293 Kan. 107, Syl. ¶ 3, almost a decade ago. Accordingly, the unique circumstances doctrine cannot serve as a basis for jurisdiction in this case.

Nevertheless, we note Hooks' allegations about deficient service of the journal entry denying his motion and recognize that incarcerated pro se defendants are at the

4

mercy of the prison mail system to receive notice of the denial of their motions. These allegations are relevant to the jurisdictional inquiry. K.S.A. 2019 Supp. 60-258 requires that "[w]hen judgment is entered by judgment form, the clerk must serve a copy of the judgment form on all attorneys of record within three days," which this court has interpreted to include pro se defendants. Likewise, Supreme Court Rule 134(a) (2020 Kan. S. Ct. R. 200), provides that "[i]f the court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling." In *McDonald v. Hannigan*, 262 Kan. 156, 157-58, 164, 936 P.2d 262 (1997), this court held that an incarcerated defendant, who was pro se at the time his motion was denied, was properly allowed to file an untimely notice of appeal because "the trial court entered judgment without giving notice to the parties or counsel as required by K.S.A. 60-258 and Supreme Court Rule 134." 262 Kan. at 164.

If Hooks is correct that he did not learn that his motion was denied until after the time in which he could timely file a notice of appeal had already run, jurisdiction over this appeal may be proper. See *McDonald,* 262 Kan. 156, Syl. ¶ 3 ("The time for filing post-judgment motions or taking an appeal from a final judgment entered without notice commences to run when there has been compliance with K.S.A. 60-258 and Supreme Court Rule 134.").

But we are not positioned to make the factual findings necessary for such a determination. "Generally, Kansas appellate courts do not make factual findings. This task is reserved for district courts, where evidence is offered and tested. See *State v. Thomas*, 288 Kan. 157, 161, 199 P.3d 1265 (2009)." *State v. Yazell*, 311 Kan. 625, 627, 465 P.3d 1147 (2020). In similar situations involving the *Ortiz* exception, we have remanded the matter to the district court for fact-finding necessary to resolve the issue of jurisdiction. See *State v. Hemphill*, 286 Kan. 583, 588-89, 186 P.3d 777 (2008) (remanding for *Ortiz* findings where "a substantial question of fact exists as to whether

5

Hemphill should be allowed a direct appeal out of time pursuant to *Ortiz*"); *State v. Dunn*, No. 117,541, 2019 WL 2306640, *1 (Kan. 2019) (unpublished opinion) ("Dunn has sufficiently alleged the potential for one or more *Ortiz* exceptions to apply. But factual questions prevent our determination that an exception saves Dunn's late appeal from dismissal. We thus remand to the district court for further proceedings.").

We opt not to usurp the fact-finding role of the district court by making credibility determinations about Hooks' claim that he did not receive notice of the denial of his motion until shortly before he filed his notice of appeal. We therefore remand to the district court for factual findings concerning the date of compliance with K.S.A. 2019 Supp. 60-258, compliance with Supreme Court Rule 134(a), and Hooks' actual receipt of the district court's order or actual knowledge of the same.

Remanded with directions.