NOT DESIGNATED FOR PUBLICATION

No. 128,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH D. LEEK,
*Appellant*,

v.

JEREMY HOEPNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE GATTERMAN, judge. Submitted without oral argument. Opinion filed December 5, 2025. Reversed and remanded with directions.

*Kenneth D. Leek*, appellant pro se.

*Fred W. Phelps Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

PER CURIAM:  This case involves a negligence claim brought under the Kansas Tort Claims Act (KTCA). The district court granted Jeremy Hoepner's motion to dismiss, and Kenneth D. Leek, appearing pro se, now appeals that decision.

FACTUAL AND PROCEDURAL HISTORY

On April 11, 2022, while incarcerated at Lansing Correctional Facility, Leek underwent a partial root canal. The treating dentist advised him that a follow-up

1

procedure was necessary and scheduled it for April 25, 2022. The next day, Leek was transferred to El Dorado Correctional Facility. After the transfer, Leek notified staff about his pending dental procedure. He was informed that El Dorado did not have a dentist equipped to complete the root canal.

Leek then asked his unit team manager, Hoepner, to approve an emergency transfer back to Lansing so the root canal could be completed, but Hoepner denied the request. On May 20, 2022, Leek began experiencing tremendous pain, followed by a serious infection and abscesses on his nose and mouth. His root canal was not completed until July 6, 2022, after he was returned to Lansing.

After the delay in treatment, Leek filed an administrative grievance. Hoepner responded that the delay resulted from scheduling issues and unforeseen circumstances beyond the facility's control, concluding that no further action was necessary because Leek's medical needs had ultimately been met. The warden agreed with Hoepner's response, and the Secretary of Corrections affirmed that decision on appeal, finding the facility's actions appropriate since the procedure had been completed.

Leek then filed suit against Hoepner under the KTCA, alleging negligence. Hoepner moved to dismiss, asserting immunity under the police protection exception to the KTCA, among other defenses. On May 23, 2024, the district court granted the motion to dismiss.

Leek claims he did not receive the court's decision at that time. He believes the order was mailed to the wrong facility after he was transferred from Winfield Correctional Facility to Larned Correctional Facility. On July 1, 2024, Leek filed a request for information about the status of his case. Leek reports he did not receive the district court's ruling until July 19, 2024.

2

With his notice of appeal, Leek included an envelope from the clerk of the district court showing that Larned State Correctional Facility stamped it as received on July 19, 2024. According to the certificate of service prepared by Leek, he delivered the notice of appeal to prison officials for mailing on July 29, 2024. The clerk of the district court electronically file-stamped the notice of appeal on September 16, 2024.

ANALYSIS

Hoepner argues this court lacks jurisdiction because Leek's notice of appeal was not filed within 30 days of the entry of judgment.

Leek responds that the time to appeal did not begin to run until he received notice of the district court's decision on July 19, 2024. Under the prisoner mailbox rule, he says his notice of appeal was timely.

Whether appellate jurisdiction exists is a question of law, subject to unlimited appellate review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022). Kansas appellate courts have jurisdiction to consider an appeal only if it is taken in the manner prescribed by statute. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021). In a civil case, the notice of appeal must be filed within 30 days of the entry of judgment. K.S.A. 2024 Supp. 60-2103(a).

Under the prisoner mailbox rule, a pro se inmate's filing is deemed "filed" when the inmate delivers the document to prison officials for mailing. *Rowell v. State*, 60 Kan. App. 2d 235, 241-42, 490 P.3d 78 (2021) (using the date on prisoner's certificate of service in the absence of evidence to controvert the validity of that date). When judgment is entered without the notice required by K.S.A. 2024 Supp. 60-258 and Supreme Court Rule 134(a) (2025 Kan. S. Ct. R. at 211), the time to appeal begins only after compliance

3

with those provisions. See *McDonald v. Hannigan*, 262 Kan. 156, 161, 163-64, 936 P.2d 262 (1997).

K.S.A. 2024 Supp. 60-258 provides that "[w]hen judgment is entered by judgment form, the clerk must serve a copy of the judgment form on all attorneys of record within three days, excluding Saturdays, Sundays and legal holidays." The statute also applies to pro se litigants. *State v. Perry*, 318 Kan. 374, 380, 543 P.3d 1135 (2024). Supreme Court Rule 134(a) (2025 Kan. S. Ct. R. at 211) similarly requires that "[i]f the court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling." The memorandum decision and order prepared and filed by the district court on May 23, 2024, did not include a certificate of service showing that the order would be served on all counsel and the pro se litigant, Leek.

When an appellant claims that a notice of appeal was untimely because the district court failed to properly serve notice of its decision, remand is appropriate if the district court made no factual findings on that issue. On remand, the court must determine when it complied with K.S.A. 2024 Supp. 60-258 and Rule 134, and when the appellant actually received notice of the judgment. See *State v. Hooks*, 312 Kan. 604, 607-08, 478 P.3d 773 (2021).

In *McDonald*, the Supreme Court held that the appellate court had jurisdiction when the inmate filed a notice of appeal immediately after learning of the judgment, because the district court had not properly provided notice as required by K.S.A. 60-258 and Rule 134. 262 Kan. at 163-64. Likewise, in *Hooks*, the Supreme Court remanded for factual findings on when the appellant received notice, emphasizing that appellate courts do not make fact findings. 312 Kan. at 607-08. The court followed the same approach in *Perry*, remanding for similar findings. 318 Kan. at 375.

4

If Leek did not receive the district court's judgment until July 19, 2024, and delivered his notice of appeal to prison officials for mailing on July 29, 2024, then his notice of appeal was timely under the prisoner mailbox rule, and this court has jurisdiction. But consistent with *Hooks*, *McDonald*, and *Perry*, the appropriate course is to remand this matter to the district court for findings of fact regarding the date of compliance with K.S.A. 2024 Supp. 60-258 and Rule 134, and Leek's actual receipt or knowledge of the district court's decision.

Reversed and remanded with directions.