No. 66,872

STATE OF KANSAS, *Appellee*, v. RODNEY J. HOOKS, *Appellant*.

(840 P.2d 483)

Opinion filed October 30, 1992.

*Geary N. Gorup*, of the Law Office of Geary N. Gorup, of Wichita, argued the cause and was on the brief for appellant.

*Rachelle Worrall Smith*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Rodney J. Hooks appeals his jury trial convictions of first-degree murder (K.S.A. 1991 Supp. 21-3401), aggravated battery (K.S.A. 21-3414), aggravated robbery (K.S.A. 21-3427), aggravated criminal sodomy (K.S.A. 21-3506), attempted

aggravated criminal sodomy (K.S.A. 1991 Supp. 21-3301, K.S.A. 21-3506), two counts of rape (K.S.A. 21-3502), two counts of aggravated burglary (K.S.A. 1991 Supp. 21-3716), two counts of aggravated assault (K.S.A. 21-3410[a]), and four counts of aggravated kidnapping (K.S.A. 21-3421).

Two cases were consolidated for trial. The facts are summarized as follows.

### Case No. 90 CR 1701

On July 21, 1990, defendant, James and Greg Walker, Harabia Johnson, and Dejuan Harris went to the residence of Jerome Alcorn looking for a woman, D.G. Upon learning she was not there, they left. Shortly thereafter they returned, forced their way in, and refused to leave. Alcorn was physically abused and prevented from leaving. When D.G. arrived, she was restrained and raped, and sodomy was attempted. Ultimately, Alcorn and D.G. escaped from their captors.

### Case No. 90 CR 1702

On July 21, 1990, defendant, James Walker, Darrell Bailey, and Harabia Johnson went to the residence of Bailey's great-uncle, Sylvester Johnson. Bailey gained admittance while the other three waited outside. Then, over Sylvester's objection, the three entered the residence. Sylvester was told he was "gonna die tonight." Rose Ann Johnson was visiting Sylvester at the time. Rose Ann was struck and her purse was taken. Sylvester was stabbed several times. Rose Ann had bank credit cards in her purse. The four intruders forced Sylvester and Rose Ann into the woman's automobile. Sylvester was stabbed several more times while being taken to the vehicle. Rose Ann was forced to perform oral sodomy on defendant. Defendant and Bailey forced Rose Ann to attempt to obtain money from an automatic teller machine. Two other customers arrived at the bank. In the confusion, Sylvester escaped, despite having been stabbed 27 times. Early the following morning, Rose Ann's nude body was found in Harrison Park. She had been stomped to death. Other facts will be stated as necessary for the discussion of particular issues. It should be noted that Darrell Bailey's convictions for the crimes arising from the Rose Ann/Sylvester incident were affirmed (except for a rape conviction) in *State v. Bailey*, 251 Kan. 156, 834 P.2d 342 (1992).

## SUFFICIENCY OF THE EVIDENCE SUPPORTING THE COURT'S DETERMINATION DEFENDANT SHOULD BE PROSECUTED AS AN ADULT

At the time of the commission of the charged offenses herein, defendant was $15^1/_2$ years old. The class breakdown of the 15 felonies with which he was charged is as follows:

| Class A | - | 5 |
|---------|---|---|
| Class B | - | 4 |
| Class C | - | 4 |
| Class D | - | 2 |

NOTE: Originally, defendant was charged with aggravated criminal sodomy of D.G. At trial, the complaint was amended to attempted aggravated criminal sodomy. Therefore, the convictions were for three class B felonies and five class C felonies.

K.S.A. 1991 Supp. 38-1636 provides in pertinent part:

"(a) At any time after commencement of proceedings under this code against a respondent who was: (1) 14 or 15 years of age at the time of the offense or offenses alleged in the complaint, if any such offense is or offenses are a class A or B felony, and prior to entry of an adjudication or the beginning of an evidentiary hearing at which the court may enter adjudication as provided in K.S.A. 38-1655, and amendments thereto . . . . the county or district attorney may file a motion requesting that the court authorize prosecution of the respondent as an adult under the applicable criminal statute.

. . . .

"(e) In determining whether or not prosecution as an adult should be authorized, the court shall consider each of the following factors: (1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or against property, greater weight being given to offenses against persons, especially if personal injury resulted; (4) the number of alleged offenses unadjudicated and pending against the respondent; (5) the previous history of the respondent, including whether the respondent had been adjudicated a delinquent or miscreant under the Kansas juvenile code or a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence; (6) the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern

of living or desire to be treated as an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to the expiration of the court's jurisdiction under this code; and (8) whether the interests of the respondent or of the community would be better served by criminal prosecution. The insufficiency of evidence pertaining to any one or more of the factors listed in this subsection shall not in and of itself be determinative of the issue. Subject to the provisions of K.S.A. 38-1653, and amendments thereto, written reports and other materials relating to the respondent's mental, physical, educational and social history may be considered by the court.

"(f) The court may authorize prosecution as an adult upon completion of the hearing if the court finds that the respondent was: (1) 14 or 15 years of age at the time of the alleged commission of the offense, if the offense is a class A or B felony, and that there is substantial evidence that the respondent should be prosecuted as an adult for the offense with which the respondent is charged."

Defendant claims no error in the procedure utilized by the court under K.S.A. 1991 Supp. 38-1636. Rather, he contends there was no substantial competent evidence supporting the court's finding on factor (e)(7) of the statute that there were no facilities or programs available which were likely to rehabilitate him prior to the expiration of the court's jurisdiction under the Kansas Juvenile Offenders Code (K.S.A. 38-1601 *et seq.*).

In making its determination that defendant should be prosecuted as an adult, the court stated the following relative to factor (e)(7):

"We look at number seven, whether there are facilities or programs available to the Court which are likely to rehabilitate the Respondent prior to the expiration of the Court's jurisdiction. . . . I acknowledge that Rodney has never been in SRS custody and never directly received the programs that may be available through a youth center, but then again . . . we have to look at the severity of the accusations here, the harm that was caused, the manner in which it was inflicted and in many respects the victimization and terrorization of people whether it's likely this rehabilitation will occur within the time period in which this Court has jurisdiction, and there's a real question in that regard . . . . Now, we do have some testimony to the contrary, but I certainly have a question over whether rehabilitation would occur within that time, and with Rodney my question is whether rehabilitation would occur within the time the Court has jurisdiction in regard to that. In Ms. Woody's [a court services officer who testified on defendant's behalf] opinion, she has based her opinion on her prior contact without any knowledge of circumstances in this case and I don't know whether that opinion would remain the same if she were provided that information."

The court's statement reflects it did not specifically find that there were no programs or facilities available which were likely to rehabilitate defendant within the applicable time frame. Rather, the court states it has a question whether rehabilitation could occur in such time frame. The defendant seeks review as though a specific finding that there were no facilities available for rehabilitation within the time frame had been made.

The clear language of the statute makes this a non-issue. The court is not required to make a finding that programs or facilities are not available for rehabilitation as a prerequisite to authorizing a 15-year-old to be prosecuted as an adult. Factor seven is but one of eight factors which the statute requires the court to consider in making the determination, but the statute specifically provides that "[t]he insufficiency of evidence pertaining to any one or more of the factors listed in this subsection shall not in and of itself be determinative of the issue." K.S.A. 1991 Supp. 38-1636(e).

Defendant contends the court placed undue emphasis on the violent and brutal nature of the acts involved in the crimes. We find no merit in this contention. Several of the statutory factors relate directly to the nature of the crimes. Within one 24-hour period, two extended and unrelated incidents of violence occurred wherein four individuals were brutally assaulted, resulting in the death of one, with major efforts being made to kill two of the others. The heinousness of the offenses charged herein should have been given great weight by the court and it was. We find no error or abuse of discretion in the claimed particulars relative to the court's authorization for prosecution of the defendant as an adult.

### JURISDICTION OF THE DISTRICT COURT TO TRY DEFENDANT ON THE CLASS C AND D FELONY CHARGES

Defendant next contends K.S.A. 1991 Supp. 38-1636 authorizes his prosecution as an adult only on those 9 of the 15 counts which are class A and B felonies. He contends adult prosecution on the six class C and D charges was improper. As previously noted, by virtue of amendment of the complaint at trial, convictions

were for eight class A or B felonies and seven class C and D felonies.

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987); *Harris Enterprises, Inc. v. Moore*, 241 Kan. 59, Syl. ¶ 1, 734 P.2d 1083 (1987); *State v. Cole*, 238 Kan. 370, 371-72, 710 P.2d 25 (1985).

Penal statutes must be strictly construed in favor of persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. *State v. Cole*, 238 Kan. 370, Syl. ¶ 2.

As in the previous issue, we are called upon to construe provisions of K.S.A. 1991 Supp. 38-1636. For convenience, the pertinent provisions are iterated as follows:

"(a) At any time after commencement of proceedings under this code against a respondent who was: (1) 14 or 15 years of age at the time of the offense or offenses alleged in the complaint, if any such offense is or offenses are a class A or B felony, and prior to entry of an adjudication or the beginning of an evidentiary hearing at which the court may enter adjudication as provided in K.S.A. 38-1655, and amendments thereto . . . .

. . . .

"(f) The court may authorize prosecution as an adult upon completion of the hearing if the court finds that the respondent was: (1) 14 or 15 years of age at the time of the alleged commission of the offense, if the offense is a class A or B felony, and that there is substantial evidence that the respondent should be prosecuted as an adult for the offense with which the respondent is charged . . . ."

Defendant concedes "that the clear language of K.S.A. 1991 Supp. 38-1636(a) permits the State leave to request that a 14 or 15 year old be prosecuted as an adult *'if any such offense is or offenses are a class A or B felony.'* " Four of the seven charges

in the case arising from the Alcorn/D.G. incident (No. 90 CR 1701) were class A or B felonies. Five of the eight offenses charged in the Sylvester/Rose Ann Johnson incident (No. 90 CR 1702) were class A or B felonies. Defendant contends the "any such offense" language of subsection (a) of the statute is narrowed by subsection (f), which authorizes prosecution as an adult *if the offense is a class A or B felony*. We do not believe such was the legislative intent.

Application of the defendant's urged construction of the statute to the facts before us points out the problems inherent therein. Both incidents involve lengthy interrelated and sequential acts. It would be impossible for the State to prove the A and B felonies without introducing evidence of the C and D felonies. For example, the aggravated battery of Alcorn is what elevates the kidnapping of Alcorn to aggravated kidnapping. The same is true as to victim Sylvester in the other case. Serious double jeopardy problems would then arise. K.S.A. 21-3108(2) provides:

"A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

"(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began."

In *State v. Mahlandt*, 231 Kan. 665, Syl. ¶ 1, 647 P.2d 1307 (1982), we held:

"The compulsory joinder statute, K.S.A. 21-3108(2)(a), prevents the prosecution from substantially proving a crime in a trial in which the crime is not charged, and then in effect retrying the defendant for the same offense in a trial where it is charged."

Even without the double jeopardy problem, two separate trials would be required under defendant's theory wherein the A and B felonies are arbitrarily severed from the C and D felonies. Further, sentencing as an adult on the A and B felonies would render any disposition of the C and D offenses under the Juvenile Offenders Code a meaningless order.

In further support of his argument in this issue, defendant calls our attention to K.S.A. 1991 Supp. 38-1636(i), although the same was not in effect at the time of the offenses herein. Said statute provides:

"If the respondent is prosecuted as an adult under subsection (f)(1) and convicted of a lesser included offense, the respondent shall be a juvenile offender and receive an authorized disposition pursuant to K.S.A. 1991 Supp. 38-1663, and amendments thereto."

We do not believe enactment of this provision supports defendant's arguments as to legislative intent. If the juvenile is prosecuted as an adult on an A or B felony, but convicted of some lesser offense, disposition shall be under the Juvenile Offenders Code. This statute prevents a 14- or 15-year-old juvenile who is not convicted of an A or B felony from being sentenced as an adult. Further, it discourages any effort of an overzealous prosecutor to file elevated charges in order to prosecute a juvenile as an adult.

Defendant also directs our attention to K.S.A. 1991 Supp. 38-16,111 and K.S.A. 1991 Supp. 38-16,112, which designate 14- or 15-year-old juveniles who have adult convictions under K.S.A. 1991 Supp. 38-1636 as "juvenile felons" and seek provisions for their incarceration. The conviction of an A or B felony is a prerequisite to becoming a juvenile felon but has little relevance to the issue before us.

We conclude that it is the intent of K.S.A. 1991 Supp. 38-1636 that if one or more of the charges are class A or B felonies and the court authorizes prosecution of the 14- or 15-year-old juvenile as an adult, then such prosecution encompasses all of the charges. The district court, therefore, had jurisdiction of all of the offenses of which defendant was convicted. To hold otherwise would render non A or B felony offenses which were charged along with the A or B offenses mere chaff. We do not believe such was the legislative intent in the enactment of K.S.A. 1991 Supp. 38-1636.

## ADMISSION OF THE CONFESSION

The defendant contends that circumstances existing prior to his confession rendered the confession inadmissible.

The appellate standard of review is clear. When a trial court conducts a full pretrial hearing on the admissibility of an extra-judicial statement by an accused, determines the statement was freely, voluntarily, and knowingly given, and admits the statement in evidence, the appellate court should accept the trial court's determination if supported by substantial competent evidence. *State v. Norris*, 244 Kan. 326, Syl. ¶ 3, 768 P.2d 296 (1989); *State v. Brown*, 235 Kan. 688, 691, 681 P.2d 1071 (1984); *State v. Knapp*, 234 Kan. 170, Syl. ¶ 2, 671 P.2d 520 (1983).

The complained-of circumstances are as follows. Defendant was arrested between 2:30 and 2:45 a.m. He was transported to the police station at 3:30 a.m. At the station he was placed in an 8 foot by 10 foot interview room. One arm and one leg (on the same side) were shackled to a table. Defendant complained of the room being cold. Sometime between 4:00 and 8:00 a.m., an officer obtained personal history information from the defendant. Otherwise, he was alone except for an officer giving him a Coke, cigarettes, and doughnuts. The light was left on. Several times an officer came in to check on him, ask if he needed to use a restroom, etc. He was not questioned about criminal activity until approximately 11:30 a.m., after he had been moved to a larger interview room. Defendant was given a *Miranda* warning and then made the confession at issue herein.

The trial court held a full evidentiary hearing on the motion to suppress. The trial court was critical of the defendant's eight-hour stay in the police station before being questioned. In denying the motion, the trial court made a number of findings and observations. These include: (1) Defendant complained of being cold and could not lie down; (2) defendant could have slept by leaning his chair against the wall or by resting his head on his arms on the table; (3) defendant could stand up; (4) the police station was very busy during the period; (5) defendant was suffering no delusions, was not under the influence of alcohol, and was not frightened; (6) due to previous arrests, defendant was at least somewhat familiar with the procedure; (7) defendant understood his *Miranda* rights given just before the interview; and (8) defendant was not questioned about criminal activity except at the 11:30 interview.

The trial court then held:

"Based upon all of the facts before the court, I will find that the motion to suppress the statements given to the police should be denied. Will find as a matter of fact that the statement or statements given are the product of Rodney Hooks' free and voluntary will, they were given freely and voluntarily, and they were not coerced from him."

In *State v. Young*, 220 Kan. 541, 552 P.2d 905 (1976), we adopted a totality of the circumstances test for determining whether the confession of a juvenile is admissible, and held:

"A confession is not inadmissible merely because the person making it is a juvenile. The age of the juvenile, the length of the questioning, the juvenile's education, the juvenile's prior experience with the police, and the juvenile's mental state are all factors to be considered in determining the voluntariness and admissibility of a juvenile's confession into evidence." Syl. ¶ 2.

"Whether a confession was freely and voluntarily given is based upon a consideration of the totality of the circumstances, and where there is a genuine conflict in the evidence great reliance must be placed upon the finder of fact." Syl. ¶ 6.

The defendant likens his eight-hour stay at the station prior to being interviewed to the situations in: (1) *Haley v. Ohio*, 332 U.S. 596, 92 L. Ed. 224, 68 S. Ct. 302 (1948), wherein a 15-year-old was continuously questioned by batteries of officers for five hours before confessing; and (2) *Gallegos v. Colorado*, 370 U.S. 49, 8 L. Ed. 2d 325, 82 S. Ct. 1209 (1962), wherein a 14-year-old was held incommunicado for five days, which resulted in a confession. Obviously, we do not have the level of egregious conduct present herein that existed in the aforecited United States Supreme Court cases.

We conclude that the trial court's determination that the defendant's confession was freely and voluntarily made with understanding of his rights and was not the result of coercion is supported by substantial competent evidence and, accordingly, will not be disturbed on appeal.

## EVIDENCE OF DEFENDANT'S GANG MEMBERSHIP

Prior to trial, defendant filed a motion in limine seeking to exclude evidence of defendant's possible gang membership, contending that such evidence was highly prejudicial and lacked probative value. Following a hearing, the court ruled that only

evidence concerning gang membership that was relevant would be admitted.

For his final issue on appeal, defendant alleges trial error in admitting evidence of defendant's membership in the "Insane Crips" gang because the "implication throughout the evidence was that this youth gang was a lawless group of young people of the black race, known to commit crimes of violence and intimidation." He contends the evidence was not relevant.

The admissibility of evidence is governed by its relevancy to the issue in question. *State v. Reynolds*, 230 Kan. 532, Syl. ¶ 4, 639 P.2d 461 (1982). Relevant evidence is evidence "having any tendency in reason to prove any material fact." K.S.A. 60-401(b). The exclusion of evidence is within the discretion of the trial court. *State v. Reynolds*, 230 Kan. at 536.

This same issue was raised in the trial of Darrell Bailey, one of the four involved in the Sylvester/Rose Ann Johnson incident (*State v. Bailey*, 251 Kan. 156, 834 P.2d 342 [1992]). As in *Bailey*, evidence of two types was admitted. The first type was through victims relating the res gestae facts of the crimes. The perpetrators made statements about their gang membership in the presence of the victims. The other type of evidence was more extrinsic. Two police officers testified the only fear or hesitation defendant showed during his interrogation was when he was asked if his associates in the offenses were members of the Crips gang.

One of the defenses herein was that defendant's participation was the result of coercion by the other perpetrators. The defendant requested and received a compulsion instruction. Indeed, defense counsel asked questions about the gang membership matter to support this defense. Unlike many of the cases cited by the defendant, extrinsic evidence relative to gang membership did not come in to show defendant had bad character or was likely to commit violent crimes. The evidence admitted was a part of the res gestae or defendant's responses to questions asked him by the interviewing officers. Further, there was considerable evidence that the perpetrators acted in concert with one another. An aiding and abetting instruction was given herein.

Defendant further argues that admission of the gang membership evidence was violative of K.S.A. 60-455 as such was evidence of commission of a crime or other civil wrong. As we stated in

*State v. Bailey*, 251 Kan. at 166: "Inasmuch as membership alone in the Insane Crips gang is not a crime or civil wrong, this point lacks merit."

We find no abuse of discretion in the trial court's determination that the complained-of evidence of gang membership was relevant and should be admitted.

The judgment is affirmed.