No. 93,973

STATE OF KANSAS, *Appellee*, v. RAFAEL L. FLORES, *Appellant*.

(153 P.3d 506)

Opinion filed March 16, 2007.

*Morgan B. Koon*, of Garia & Antosh, LLP, of Dodge City, argued the cause for the appellant, and *Rafael L. Flores*, appellant pro se, was with him on the briefs for the appellant.

*Doug W. McNett*, of Larned, argued the cause, and *John Sauer*, county attorney, and *Phill Kline*, attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JOHNSON, J.: Rafael L. Flores was 14 years old on October 5, 1996, when he fired six rounds into a group of people, killing one person and wounding another. The State originally charged Flores as a juvenile with, *inter alia*, first-degree murder and attempted first-degree murder. After a hearing, the district court certified

Flores to be tried as an adult. The State charged Flores as an adult with one count of premeditated first-degree murder, with an alternative count of felony murder; two counts of attempted first-degree murder; one count of criminal damage to property; and one count of criminal possession of a firearm by a juvenile. The State also filed a notice that it would seek a hard-40 sentence.

Pursuant to a plea agreement, the State amended the complaint, and Flores pled nolo contendere to one count of first-degree felony murder and one count of attempted voluntary manslaughter. In accordance with the plea agreement, the State did not seek a departure and recommended concurrent sentences. However, the district court, after accepting Flores' plea and finding him guilty on both counts, imposed consecutive sentences of life imprisonment for the felony murder conviction and 34 months' imprisonment for the attempted voluntary manslaughter conviction.

Flores filed a direct appeal, asserting that the sentencing court abused its discretion by imposing his sentences consecutively. This court dismissed the appeal because we do not have jurisdiction to review the propriety of consecutive sentencing. See *State v. Flores*, 268 Kan. 657, 660, 999 P.2d 919 (2000).

Some years later, on September 23, 2004, Flores filed a pro se motion to correct an illegal sentence, pursuant to K.S.A. 22-3504. He claimed that a provision of the Juvenile Offenders Code in effect at the time of the shooting, K.S.A. 38-1636(i) (Furse 1993), precluded the imposition of an adult sentence because the attempted voluntary manslaughter conviction was a lesser included offense of the originally charged crime of attempted first-degree murder.

The district court denied the motion, applying an incorrect version of K.S.A. 38-1636. Ruling on Flores' motion to reconsider, the district court acknowledged its error. Nevertheless, the district court found that Flores' adult certification was authorized by the original first-degree murder charge, for which Flores was convicted. Therefore, the entire case remained in adult court for sentencing purposes, because no legal mechanism existed for sentencing Flores in adult court for one count and in juvenile court for another count. Additionally, the district court opined that the

1-year limitation of K.S.A. 60-1507(f) applied to the motion to correct an illegal sentence, rendering it untimely. Further, the court found that Flores' motion was a successive attack on his sentence and that our decision on direct appeal was res judicata as to all sentencing issues.

Flores appeals the denial of his motion to correct his sentence, which includes a term of life imprisonment and places the appeal before this court. See K.S.A. 22-3601(b)(1); *State v. Edwards*, 281 Kan. 1334, 1334-35, 135 P.3d 1251 (2006) (jurisdiction over an appeal from a motion to correct an illegal sentence is in the court that had jurisdiction to hear the original appeal).

## STANDARD OF REVIEW

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court's review is unlimited. *State v. Huff*, 277 Kan. 195, 199, 83 P.3d 206 (2004). A sentence is illegal under 22-3504(1) when the sentence is imposed by a court without jurisdiction; when the sentence does not conform to the statutory provision, either in character or term of punishment authorized; or when the sentence is ambiguous with respect to the time and manner in which it is to be served. *Edwards*, 281 Kan. at 1336.

Further, to the extent that resolution of this matter involves an interpretation of K.S.A. 38-1636(i) (Furse 1993), our review is likewise unlimited. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006) (statutory interpretation is a question of law subject to unlimited review).

## PROCEDURAL BARS

We commence by addressing the State's arguments that Flores' motion was procedurally barred. Although the district court denied the motion on its merits, it made the alternative findings that the motion to correct an illegal sentence was untimely filed and that the decision on direct appeal was res judicata as to the current sentencing issue. We disagree with both findings.

*Timeliness*

A motion to correct an illegal sentence is based upon K.S.A. 22-3504, which provides, in relevant part:

"(1) The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

In *State v. Duke*, 263 Kan. 193, 946 P.2d 1375 (1997), this court addressed whether a district court could summarily deny a motion to correct an illegal sentence, in light of the statutory language investing the defendant with the rights to have a hearing, to be present at the hearing, and to have the assistance of counsel in any illegal sentence-correcting proceeding. *Duke* found statutory support in K.S.A. 22-4506 for the proposition that a district court should make a preliminary examination of all posttrial motions filed later than 10 days after trial to determine whether substantial questions of law or triable issues of fact are presented by the pleading. 263 Kan. at 195-96. The court then construed K.S.A. 22-3504(1) to require a hearing and appointment of counsel only where a further "proceeding" was necessitated by the existence of substantial questions of law or fact. 263 Kan. at 196. Otherwise, "[i]f no such issues are found to have been raised, the motion may be summarily dismissed." 263 Kan. at 196.

*Duke* did not purport to negate the first sentence of K.S.A. 22-3504(1), which permits a court to correct an illegal sentence "at any time." We perceive the district court may have been misled by *Duke*'s declaration that "[t]here is no indication that a motion to correct an illegal sentence was intended by the legislature to be treated differently from a K.S.A. 60-1507 attack upon a sentence." 263 Kan. at 196. However, when viewed in context, that statement referred to the preliminary examination treatment of the motions. It did not suggest that the legislature intended the 1-year limitation provisions of K.S.A. 60-1507(f) to replace the plain language of K.S.A. 22-3504 with respect to when a motion to correct an illegal sentence may be filed, *i.e.*, at any time.

In short, the district court erred in its alternative ruling that Flores' motion to correct an illegal sentence was procedurally barred by the 1-year limitation of K.S.A. 60-1507(f). The State's arguments in support of that ruling are unavailing.

### Res Judicata/Waiver

As a second basis for a procedural bar, the district court found that Flores' failure to raise the current sentencing challenge in his direct appeal justified denial on the basis of res judicata. In support of that ruling the State proffers the following quote:

> " 'Under Kansas law, where an appeal is taken from the sentence imposed and/ or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, *and those issues that could have been presented, but were not presented, are deemed waived.* Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding.' (Emphasis added.) *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990)." *Sanders v. State*, 26 Kan. App. 2d 826, 830, 995 P.2d 397 (1999), *rev. denied* 269 Kan. 934 (2000).

The lower court's use of the term "res judicata" was perhaps inaccurate in this case. Res judicata requires a prior final judgment on the merits. See *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 397, 949 P.2d 602 (1997), *cert. denied* 525 U.S. 831 (1998). Flores' direct appeal was dismissed for want of jurisdiction; there was no final judgment on the merits of Flores' sentencing complaints. Nevertheless, *Neer* and its progeny preclude collateral proceeding consideration of issues that could have been, but were not, raised on direct appeal on the basis of waiver.

Our general rule that defendants must raise all available issues on direct appeal comports with the statutory framework of an appeal. See *State v. Neer*, 247 Kan. 137, Syl. ¶ 1, 795 P.2d 362 (2000) (right to appeal entirely statutory and not a right vested in the United States or Kansas Constitutions). K.S.A. 22-3608(c) requires a defendant to appeal within 10 days of the district court's judgment. If an appeal is not taken within that time frame, the appellate court does not acquire jurisdiction to review the district court's judgment. See *Neer*, 247 Kan. 137, Syl. ¶ 1. In like fashion, it makes sense to preclude a defendant from obtaining review of a particular

issue when that review is not requested within the statutory 10-day period, notwithstanding the defendant's timely appeal of other issues.

However, a defendant is not similarly constrained on the timing of a motion to correct an illegal sentence. "A defendant may file a motion to correct an illegal sentence at any time." *State v. Brown,* 280 Kan. 898, 901, 127 P.3d 257 (2006) (citing K.S.A. 22-3504[1]). Therefore, applying *Neer's* general waiver holding to appeals under K.S.A. 22-3504(1) actually contravenes the statutory framework for illegal sentences. Therefore, we find that Flores' failure to include his illegal sentence claim in his dismissed direct appeal did not preclude his motion to correct an illegal sentence and does not deprive this court of jurisdiction of his appeal of the motion's denial.

## APPLICATION OF K.S.A. 38-1636(i) (Furse 1993)

Notwithstanding the initial confusion as to the version of 38-1636 which applied to Flores' October 1996 crimes, the parties now correctly agree that we must construe K.S.A. 38-1636 (Furse 1993), which provides, in pertinent part:

"(a) At any time after commencement of proceedings under this code against a respondent who was: (1) 14 or 15 years of age at the time of the offense or offenses alleged in the complaint, *if any such offense is or offenses are* a class A or B felony, or, on or after July 1, 1993, an off-grid felony, a nondrug felony crime ranked at severity level 1, 2 or 3 or a drug felony crime ranked at severity level 1 or 2, . . . the county or district attorney may file a motion requesting that the court authorize prosecution of the respondent as an adult under the applicable criminal statute.

. . . .

"(f) The court may authorize prosecution as an adult upon completion of the hearing if the court finds that the respondent was: . . .

(2) 14 or 15 years of age at the time of the alleged commission of the offense, if the offense is an off-grid felony, a nondrug severity level 1, 2 or 3 felony or a drug level 1 or 2 felony, and that there is substantial evidence that the respondent should be prosecuted as an adult for the offense with which the respondent is charged; or

. . . .

"(i) If the respondent is prosecuted as an adult under subsection (f)(1) or (f)(2) and convicted of a lesser included offense, the respondent shall be a juvenile

offender and receive an authorized disposition pursuant to K.S.A. 38-1663, and amendments thereto." (Emphasis added.)

Flores does not challenge the propriety of his initial certification to be prosecuted as an adult. Pursuant to 38-1636(a), a 14-year-old is amenable to certification when *any* offense in the juvenile complaint is of a severity level described in the statute, *e.g.*, an off-grid felony. Flores was initially charged in the juvenile complaint with, *inter alia*, first-degree felony murder, which is an off-grid felony.

Likewise, Flores appears to accept that a certification on the first-degree murder charge effected a transfer of the entire case to adult court, including those counts of the complaint which, standing alone, would not have qualified for certification. See *State v. Hooks*, 251 Kan. 755, Syl. ¶ 2, 840 P.2d 483 (1992) (court's authorization to prosecute a 14-or 15-year-old juvenile as an adult under 38-1636 includes all offenses charged, not just the charges necessary for the applicability of the statute). As Flores states in his brief, "K.S.A. 1993 Supp. 38-1636 is an all or nothing statute." Thus, he is seeking to have his entire case returned to juvenile court for sentencing, based upon the provisions of subsection (i).

To reiterate, K.S.A. 38-1636(i) (Furse 1993) provides in relevant part that if a respondent is prosecuted as an adult under subsection (f)(2), as was Flores, but is "convicted of a lesser included offense, the respondent shall be a juvenile offender and receive an authorized disposition pursuant to K.S.A. 38-1663, and amendments thereto." Flores focuses on the use in subsection (i) of the singular term "offense," as compared to subsection (a), which refers to "offense or offenses" when discussing the severity level which qualifies for certification. He apparently believes that the use of the singular "offense" in subsection (i) manifests a legislative intent to require the State to obtain a conviction, as charged, on each and every offense which qualified the case for certification. In contrast, the State suggests that if the legislature had intended Flores' suggested result, it would have simply used the phrase "any lesser included offense." We agree with the State.

*Hooks* briefly discussed the provisions of subsection (i) and opined that "it discourages any effort of an overzealous prosecutor

to file elevated charges in order to prosecute a juvenile as an adult." 251 Kan. at 762. Flores likewise asserts that the section is designed as a "check and balance" to "prevent the overzealousness of a prosecutor." He does not explain, however, why that goal is not met when the State obtains a conviction for the principal charged crime on at least one of the counts which qualified the case for certification to adult court.

Here, the prosecutor sought adult certification because Flores allegedly committed a felony murder, along with other crimes. The felony murder charge, standing alone, would have been statutorily sufficient to support the adult certification. The State obtained a conviction for felony murder, vindicating the prosecutor's charging decision. The legislative purpose for the existence of 38-1636(i) was satisfied. *Cf. State v. Perez*, 267 Kan. 543, 987 P.2d 1055 (1999) (where original juvenile charge was rape, sentence for lesser included offense of attempted rape was illegal under 38-1636[i]; attempted rape would not have supported adult certification).

Flores urges us to apply the rule that penal statutes are to be strictly construed in favor of the persons against whom the provisions will operate. See *Hooks*, 251 Kan. at 760. Ironically, if we were to accept Flores' construction, we perceive it would actually work to the detriment of juveniles certified as adults. The accused would have to go to trial or plead as charged on all of the supporting felonies in the complaint; a favorable plea arrangement, such as was extended to Flores, would not be forthcoming.

Nevertheless, the fundamental rule of statutory construction requires us to give effect to the purpose and intent of the legislature, taking into consideration all of the provisions of 38-1636. *Hooks*, 251 Kan. at 760. *Hooks* performed that analysis to find that one qualifying felony will carry the entire juvenile case to adult court. We do likewise in finding that a conviction, as charged, on at least one of the qualifying felonies which supported the juvenile's certification as an adult will keep the entire case in adult court. A juvenile certified as an adult reverts to juvenile offender status with a corresponding juvenile disposition only where he or she is not convicted of any of the principal crimes which supported the certification.

*INEFFECTIVE ASSISTANCE OF COUNSEL*

In a pro se supplemental brief, Flores purports to raise an issue of ineffective assistance of counsel. The claim fails for multiple reasons.

Flores did not allege ineffective assistance of counsel before the trial court. We do not consider such claims for the first time on appeal. See *State v. Gleason*, 277 Kan. 624, Syl. ¶ 5, 88 P.3d 218 (2004).

Flores' brief mentions the claim in the issue statement but provides no supporting authority or argument. "When an appellant fails to brief an issue, the issue is waived or abandoned." *State v. Baker*, 281 Kan. 997, 1015, 135 P.3d 1098 (2006).

Finally, we have found that Flores' sentence was in compliance with K.S.A. 38-1636(i) (Furse 1993), *i.e.*, was not illegal. Obviously, then, Flores cannot show that any error in his counsel's performance resulted in prejudice. See *State v. Moody*, 35 Kan. App. 2d 547, Syl. ¶ 7, 132 P.3d 985 (2006) (test for reversible ineffective assistance of counsel requires a showing of prejudice).

Affirmed.