IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 119,881
119,885

STATE OF KANSAS,
*Appellee*,

v.

R. H.,
*Appellant.*

SYLLABUS BY THE COURT

1.

A motion to correct an illegal sentence is not a proper vehicle to challenge the constitutionality of a sentence.

2.

Issues not adequately briefed are deemed waived or abandoned.

Appeal from Sedgwick County District Court; JEFFREY E. GOERING, judge. Opinion filed July 2, 2021. Affirmed.

*Mark Sevart*, of Derby, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: The district court sentenced R.H. to three consecutive life sentences for multiple violent felonies he committed as a juvenile in 1990. Decades later, R.H. filed a pro se motion seeking relief under Kansas' illegal sentence statute, K.S.A. 2020 Supp. 22-3504, and Kansas' habeas corpus statute, K.S.A. 2020 Supp. 60-1507, based on allegations that his sentence was unconstitutional. The district court denied the motion.

Before this court, R.H. argues only that the district court erroneously denied his motion to correct an illegal sentence under K.S.A. 2020 Supp. 22-3504 because his sentence is purportedly unconstitutional. However, we have repeatedly held that such challenges fall outside the narrow definition of an "illegal sentence" under K.S.A. 2020 Supp. 22-3504. In short, the Legislature has foreclosed R.H.'s ability to challenge the constitutionality of his sentence through the illegal sentence statute. Because R.H. has abandoned any other claim for relief, we affirm the district court.

FACTS AND PROCEDURAL BACKGROUND

The underlying facts of this case are set forth in *State v. Hooks*, 251 Kan. 755, 756, 840 P.2d 483 (1992) (*Hooks I*). For purposes of this court's review, a recitation of those facts is unnecessary. Relevant here, R.H. participated in numerous violent felonies in 1990 when he was 15 years old. The State tried R.H. as an adult, and a jury convicted him of first-degree murder and over a dozen other nonhomicide offenses, including multiple counts of aggravated kidnapping. The district court ultimately sentenced R.H. to a controlling term of three consecutive life sentences, with parole eligibility after serving a minimum aggregate term of 45 years in prison. On direct appeal, this court affirmed his convictions and the district court's decision to try him as an adult. 251 Kan. at 759, 766.

More than 20 years later, R.H. filed a pro se motion to correct an illegal sentence under K.S.A. 2020 Supp. 22-3504, in which he also requested relief under K.S.A. 2020 Supp. 60-1507. He claimed his sentence was illegal because he was not charged as a juvenile before being authorized for adult prosecution. He also argued that his sentence constituted a mandatory life sentence imposed on a juvenile and was therefore unconstitutional under *Graham v. Florida*, 560 U.S. 48, 82, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (life-without-parole sentence for juvenile nonhomicide offenders unconstitutional), *Miller v. Alabama*, 567 U.S. 460, 479, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (mandatory life-without-parole sentence for juvenile homicide offenders unconstitutional), and *Montgomery v. Louisiana*, 577 U.S. 190, 212, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) (*Miller* applies retroactively on collateral review). He claimed this precedent constituted exceptional circumstances that would excuse his failure to raise the issue in a prior K.S.A. 60-1507 motion and that these decisions "are to be retroactively applied thereby rendering [his] sentence illegal."

The State opposed the motion. It argued R.H. was, in fact, first charged as a juvenile, and furthermore, that R.H. could not use a motion to correct an illegal sentence to collaterally attack a conviction. It also claimed R.H. was not entitled to relief under K.S.A. 2020 Supp. 22-3504 because he cannot use a motion to correct an illegal sentence to challenge the constitutionality of that sentence. Further, the State contended R.H. was not entitled to relief under K.S.A. 2020 Supp. 60-1507 because his motion was untimely and "not supported by any compelling argument for application of the manifest injustice exception" to the one-year time limit for filing K.S.A. 60-1507 motions. Finally, the State claimed R.H.'s argument failed on its merits because the United States Supreme Court jurisprudence R.H. relied on addressed the constitutionality of life-without-parole sentences for juvenile offenders, whereas R.H. is parole eligible.

The district court summarily denied R.H.'s motion after adopting the State's response and finding R.H. had failed to show his sentence was illegal. R.H. appeals.

ANALYSIS

On appeal, R.H. argues the district court erred in denying his motion to correct an illegal sentence. He claims his sentence is unconstitutional under *Miller*, which held that the Eighth Amendment to the United States Constitution prohibits mandatory life-without-parole sentences for juvenile homicide offenders. 567 U.S. at 479. While R.H. is eligible for parole, he argues his minimum aggregate term of imprisonment is the functional equivalent of life without parole, thus he is entitled to relief under *Miller*.

*Standard of Review*

We review a district court's summary denial of a motion to correct an illegal sentence de novo because we have the same access to the motions, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Fowler*, 311 Kan. 136, 139, 457 P.3d 927 (2020).

*Jurisdiction Over R.H.'s Appeal*

Before reaching the merits of R.H.'s argument, we first briefly address our jurisdiction over this appeal. The district court filed its journal entry denying R.H.'s motion on July 31, 2017, but R.H. did not file his notice of appeal until November 14, 2017, well outside the 30-day time limit to file an appeal. See K.S.A. 2020 Supp. 60-2103(a). In response to a show cause order from this court, R.H. claimed he did not receive timely notice of the district court's decision, and we remanded the case to the district court for further factual findings relevant to the jurisdictional issue. *State v. Hooks*, 312 Kan. 604, 608, 478 P.3d 773 (2021) (*Hooks II*).

4

On remand, the district court found that R.H. did not receive actual notice of the district court's ruling on his motion until November 2017, which renders R.H.'s notice of appeal timely under *McDonald v. Hannigan*, 262 Kan. 156, 164, 936 P.2d 262 (1997) (finding time limit to file notice of appeal did not begin to run until pro se defendant received notice of district court's judgment). As such, jurisdiction is proper under K.S.A. 2020 Supp. 22-3601. *State v. Gray*, 303 Kan. 1011, 1011, 368 P.3d 1113 (2016).

*R.H.'s Motion to Correct an Illegal Sentence Is Not a Proper Vehicle to Challenge the Constitutionality of His Sentence*

On appeal, R.H. only claims his sentence is illegal under K.S.A. 2020 Supp. 22-3504 because it purportedly violates the Eighth Amendment requirements articulated in *Miller*. He fails to brief and abandons any claim for relief under K.S.A. 2020 Supp. 60-1507, which permits a prisoner to move the sentencing court to vacate, set aside, or correct an unconstitutional sentence. See K.S.A. 2020 Supp. 60-1507(a).

The Legislature has defined an "illegal sentence" as one that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. K.S.A. 2020 Supp. 22-3504(c)(1). Because this narrow, statutory definition does not include a claim that a sentence violates a constitutional provision, a motion to correct an illegal sentence under K.S.A. 2020 Supp. 22-3504 is not a proper vehicle to raise such a constitutional challenge. *State v. Bryant*, 310 Kan. 920, 922, 453 P.3d 279 (2019). Accordingly, R.H. cannot use a motion to correct an illegal sentence to argue his sentence is unconstitutional under *Miller*.

To the extent that R.H. could have requested relief under K.S.A. 2020 Supp. 60-1507, he waived any such argument on appeal by failing to brief it. *State v. Salary*, 309

Kan. 479, 481, 437 P.3d 953 (2019) ("Issues not adequately briefed are deemed waived or abandoned."). Furthermore, this court is not required to liberally construe his brief as making a claim for relief under K.S.A. 2020 Supp. 60-1507 because R.H. is represented by counsel on appeal. See *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019) (courts have duty to liberally construe pro se pleadings). Because R.H. has abandoned his K.S.A. 60-1507 claim, we do not reach the merits of his constitutional challenge.

In sum, R.H. cannot use a motion to correct an illegal sentence to raise his constitutional challenge, and he has abandoned any other claim for relief on appeal. Thus, we affirm the district court's denial of his motion.

Judgment of the district court is affirmed.