IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,211

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LEWIS JACKSON,
*Appellant.*

SYLLABUS BY THE COURT

K.S.A. 1993 Supp. 21-4624(1)'s requirement that the State must file and serve "at the time of arraignment" a written notice of intent to seek a hard 40 sentence when a defendant is charged with murder in the first degree is satisfied when the State files and serves the notice before the arraignment hearing.

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed October 8, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the briefs for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Robert L. Jackson appeals a district court's decision denying his motion to correct an illegal sentence. He argues the hard 40 life sentence he received for a 1994 Topeka murder could not be imposed because the State did not timely file and serve its

1

notice of intent to seek that penalty at the time of his arraignment. See K.S.A. 1993 Supp. 21-4624(1). Jackson correctly notes the State filed and served the required notice 50 days before his arraignment, but we reject his claim because our caselaw holds the statute is satisfied when the State files and serves this notice before arraignment. See *State v. Richardson*, 256 Kan. 69, 77, 883 P.2d 1107 (1994). We affirm the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Jackson of two counts of first-degree murder and six additional offenses, all arising from a 1994 Topeka nightclub shooting. See *State v. Jackson*, 262 Kan. 119, 120, 936 P.2d 761 (1997). The jury recommended a hard 40 sentence for one of the first-degree murders after finding Jackson "knowingly or purposely killed or created a risk of death to more than one person," that he killed the victim "in an especially heinous, atrocious or cruel manner," and that the aggravating circumstances were not outweighed by mitigators. The jury recommended a hard 15 life sentence for the other first-degree murder. The trial court imposed the recommended sentences to run consecutive and ordered consecutive prison terms for the remaining felony convictions. *Jackson*, 262 Kan. at 120.

In 2019, Jackson filed a pro se motion to correct an illegal sentence. He claimed the hard 40 sentence must be vacated because the State did not provide the proper notice of its intent to seek that penalty as required by law. He premised this argument on K.S.A. 1993 Supp. 21-4624(1). It provided that the State was to file and serve its notice "at the time of arraignment" if the State intended to seek a hard 40 sentence for first-degree murder. The statute also noted that the defendant "shall be sentenced as otherwise provided by law, and no mandatory term of imprisonment shall be imposed hereunder" if proper notice was not given. In Jackson's murder case, the parties agree the State filed

2

and served the notice on May 5, 1994—several weeks before the June 24, 1994 arraignment.

The district court conducted a non-evidentiary hearing on Jackson's current motion to correct an illegal sentence. Jackson's counsel argued the May 5, 1994 notice did not strictly comply with the statutory language. The State countered that the notice was sufficient and would not render the sentence illegal even if the early notice fell short of strict adherence because that would not deprive the sentencing court of jurisdiction or render the sentence ambiguous. The court denied the motion, noting the caselaw permits notice at or before arraignment. Jackson appealed.

Jurisdiction is proper. See K.S.A. 2020 Supp. 22-3601(b)(3); *State v. Sims*, 294 Kan. 821, 823-24, 280 P.3d 780 (2012) (holding Supreme Court has jurisdiction over motion to correct an illegal sentence filed in a case in which defendant received a life sentence).

STANDARD OF REVIEW

An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence de novo because the appellate court has the same access to the motion, records, and files as the district court. Whether a sentence is illegal is a question of law subject to unlimited review. *State v. R. H.*, 313 Kan. 699, 701, 490 P.3d 1157 (2021).

DISCUSSION

As mentioned, Jackson's motion relies on K.S.A. 1993 Supp. 21-4624(1). It states:

"If a defendant is charged with murder in the first degree, the county or district attorney shall file written notice if such attorney intends, upon conviction or adjudication

3

of guilt of the defendant, to request a separate sentencing proceeding to determine whether the defendant should be required to serve a mandatory term of imprisonment of 40 years. *Such notice shall be filed with the court and served on the defendant or the defendant's attorney at the time of arraignment. If such notice is not filed and served as required by this subsection, the county or district attorney may not request such a sentencing proceeding and the defendant, if convicted of murder in the first degree, shall be sentenced as otherwise provided by law, and no mandatory term of imprisonment shall be imposed hereunder.*" (Emphasis added.)

"If faced with a hard 40 prospect, a defendant should be aware of it and be able to plan his or her strategy accordingly. Notice at the time of arraignment serves this purpose." *State v. Bailey*, 251 Kan. 156, 169, 834 P.2d 342 (1992). Notice is mandatory, and the failure to comply strictly with the statute requires vacating the sentence. *State v. Duke*, 263 Kan. 193, 197, 946 P.2d 1375 (1997).

In *State v. Deavers*, 252 Kan. 149, 168, 843 P.2d 695 (1992), the court vacated the defendant's hard 40 sentence because the State's service was "beyond the requirement of the statute," rejecting the State's argument that strict compliance should be excused when the prosecutor provided the notice two hours and 20 minutes after the arraignment. In *State v. Peckham*, 255 Kan. 310, 316, 875 P.2d 257 (1994), *disapproved in part on other grounds by State v. Marsh*, 278 Kan. 520, 102 P.3d 445 (2004), *rev'd and remanded* 548 U.S. 163, 126 S. Ct. 2516, 165 L. Ed. 2d 429 (2006), the court held the "at the time of arraignment" requirement applied to both service and filing. There, the State served its notice on the defendant at arraignment but did not file it with the court until the next day. The *Peckham* court vacated the defendant's hard 40 sentence. 255 Kan. at 318.

But unlike a late notice or filing, one filed and served *before* arraignment has been held to satisfy the statute. *Richardson*, 256 Kan. at 77-78. In that case, the State filed and served the notice a month before the arraignment, so the defendant argued this did not

4

meet the statutory requirement, relying on *Deavers*. But the *Richardson* court upheld the hard 40 sentence, noting the "rationale in *Deavers* . . . would not require that the notice in the present case be invalidated unless 'at the time of arraignment' . . . is construed to mean 'at the arraignment.'" 256 Kan. at 77. The *Richardson* court rejected this construction as "hyperliteral." 256 Kan. at 77. The court noted that

> "notice filed and served before the time of arraignment serves the purpose of alerting a defendant to a hard-40 prospect so that he or she may plan strategy accordingly. And it may be said that no prejudice to a defendant may be shown and no legislative purpose may be shown to have been defeated or impaired by notice filed or served before the time of arraignment." *Richardson*, 256 Kan. at 76-77.

Jackson argues *Richardson* was not decided until after his 1994 arraignment and substantially changed the strict compliance standard applied in *Deavers* and *Peckham*. He suggests applying *Richardson* would have a prohibited "ex post facto effect." There are at least three problems with this contention.

First, any suggestion *Richardson* abandoned a previous strict-compliance standard misconstrues the caselaw. *Richardson* simply interpreted the statutory standard the State must strictly comply with to conclude that filing and service before the arraignment met the statutory requirement that "notice shall be filed with the court and served on the defendant or the defendant's attorney at the time of arraignment." *Richardson*, 256 Kan. at 77-78.

Second, even if *Richardson* changed the law, it was decided while Jackson's case was still at the district court. "The general rule . . . is that a change in the law acts prospectively, applying only 'to all cases, state or federal, pending on direct review or not

5

yet final.'" *State v. Mitchell*, 297 Kan. 118, 124-25, 298 P.3d 349 (2013). Jackson is bound by *Richardson*'s interpretation under our general rule.

Third, *Richardson* has no ex post facto effect on Jackson. *State v. Campbell*, 307 Kan. 130, 135, 407 P.3d 240 (2017) ("Relying on statutes in effect at the time a crime is committed eliminates the need for an ex post facto analysis."). The *Campbell* court held no ex post facto problem arose when the lower court rejected a motion to correct an illegal sentence based on a recently decided case that overruled an earlier decision about the prior-crime classification for criminal history purposes. And this was true even though the overruling decision effectively subjected the defendant to a more severe sentence as compared to the result the movant might have obtained under the earlier decision. The statute interpreted in the overruling decision was the same statute in effect when the defendant committed the crimes, and not a law "that increased the potential punishment after [the defendant's] crimes were committed." 307 Kan. at 136. *Richardson*'s application in Jackson's case raises no ex post facto problem.

Affirmed.